# SUPREME COURT.

## EMILY COOK agt. MARTIN KRAFT, and others.

*An equitable claim on land,* which existed *prior* to the recovery of a judgment, is given a preference over judgments docketed afterwards; but in no case is that preference given where the equitable right *did not exist prior to the recovery of the judgment.*

There is no principle of equity by which a purchaser of real estate or of a lease, which, at the time of the purchase is subject to the lien of a judgment, (as in this case) can claim *improvements subsequently made* by him, although without knowledge of the judgment to be exempt from the lien.

*New York General Term, June,* 1871.

*Before* INGRAHAM, P. J. BARNARD *and* SUTHERLAND, *JJ.*

APPEAL from judgment at special term.

On February 3d, 1863, the defendant, Banker recovered a judgment against Martin Kraft, for $442 21-100, and said judgment was on the same day docketed in the office of the clerk of the city and county of New York.

That on the 18th of June, 1863, the defendant, Reeve also recovered and docketed a judgment against him for $305 06-100, in the same office.

That on May 1st, 1867, Kraft took a lease of the premises in question of J. L. Phelps, for the term of nineteen years, which was recorded same day, in Liber 1014, page 560.

On July 8th, 1867, Kraft made a mortgage thereon to one Klauber, for $2,000.

On August 15th, 1867, the mortgage for $1,800, thereon to Herdtfelder was made for an indebtedness then due to mortgagee, without any equity. And on January 23d, 1868, the mortgage thereon to Kreuder, was made for $1,000

That each of said mortgages have been paid and the lien

discharged.    The plaintiff had assumed to pay them as a part
of the consideration for the transfer of said lease to her.

D. M. Porter, *for appellants.*

I. The judgment of Reeve and Banker are valid liens
upon the leasehold in question, (a chattel real).    (*Sec* 5, 3*d*,
*R. S. 5th ed., p.* 10) ; and the record was notice to the
mortgagees and all others.    (*Sec* 4, 3*d*, *R. S., 5th ed. p.,*
637 ; *Crosby* agt. *Wood*, 2 *Seld.*, 369).

II. The three mortgages having been voluntarily paid
and the mortgage liens discharged of record by a stranger,
in no wise connected with their orign, they have ceased to
exist, and cannot now be set up against the liens of said
judgments which are still in existence.    Even if these
mortgages were unpaid, she, having no connection with the
original transactions, cannot intervene and postpone our
liens to the mortgages, as she would be the holder of the
bald mortgages, without any other rights.

III. The evidence as to the want of knowledge of the
existence of said judgment liens on the part of the plaintiff
at the time " she paid the moneys and purchased the lease,"
under appellants' objection, was improperly admitted.

(*a.*) As the evidence did not relate to the original parties
to the three mortgages, and as their priority must be deter-
mined by their state at the time they were recorded, which
was about two years before plaintiff became interested in
them or in the premises, the proof was immaterial and in-
competent.

(*b.*) Because the record was notice; and, although the
plaintiff " knew judgments were liens, she did not examine,"
she was negligent, and her want of knowledge cannot over-
come the positive provisions of law that a docketed judgment
record is knowledge.

IV. There is no evidence but what the original parties
to the transaction knew all about appellants' judgment

liens. Whether the plaintiff, a stranger to the transactions out of which the mortgages arose, knew or not, cannot affect their validity, nor increase their force nor priority, nor affect appellants' liens.

There is no evidence that the mortgages were made in pursuance of any agreement, before appellants' liens attached; the three mortgages were clearly made without any agreement whatever.

V. The authorities cited by respondent are all where there was an agreement (prior to the judgment being docketed) creating an equity, and without which no title would have passed upon which the judgment could have become a lien.

Here appellants' liens had attached before any agreement had been made for constructing the improvements.

VI. Appellants' liens being notice of themselves, no equities were created by the transactions between Kraft and his mortgagees, as they *were all originated after appellants' liens had attached.*

VII. There is no evidence to support the ninth finding of fact, and it is an erroneous conclusion of law.

VIII. The exceptions should be sustained.

IX. The extra allowance is twice what the court had power to give.

The judgment should be reversed.

PETER COOK *and* THOMAS DARLINGTON, *for respondent.*

I. It appearing that the lease in question was wholly worthless before the expenditure of the moneys secured to be paid by the mortgages thereon, which moneys were used in making improvements upon the premises, and said expenditures being made in good faith under the advice and direction of the attorney, Mr. Cook, and it appearing that he had no knowledge of the existence of said judgments until more than two months after the purchase by his wife,

also made under his advice—the plaintiff is entitled to be considered in the light of a *bona fide* purchaser, and as having a superior equity to the claim of the judgment creditor.

The plaintiff, in fact, seeks to recover back the money necessarily expended by her and her assignors in improving the property and saving the same from forfeiture and have a superior lien as to those amounts over every other person.

The case, *Tallman* agt. *Farley and others*, is a case in point. In that case it was held: Where mortgaged premises are sold under a prior mortgage, and there is a surplus arising from the sale, which is brought into court, such surplus belongs to the mortgagees, rather than to judgment creditors of the mortgagor, although their judgments are prior in date to the second mortgage.

Judgment creditors are entitled only to such rights in the real estate of the debtor as the debtor rightfully possesses. They can take all that belongs to the debtor and nothing more. *Tallman* agt. *Farley and others*, (1 *Barb.*, 280).

Also see opinion by court in above case. See also *Whitforth* agt. *Guagin*, *The Jurist*, *May* 4, 1844, *p.* 374.

II. The proof is, that there was no knowledge of the existence of the judgments until two months after the purchase of the premises by plaintiff.

Such proof, although given, was unnecessary.

And not only is a *bona fide* purchaser for a valuable consideration without notice, protected in equity against a plaintiff seeking to overturn that title ; but a purchaser with notice is entitled to the like protection. For otherwise, it would happen that the title of such a *bona fide* purchaser would become unmarketable in his hands, and consequently he might be subjected to great losses if not utter ruin.

The question sometimes arises as to who is to be treated as a *bona fide* purchaser in the sense of the rule ; and it has

been held that a judgment creditor by elegit, is not entitled to be deemed such; but he takes only such rights in the premises as the judgment debtor rightfully possessed. Thus, for example, a judgment creditor cannot hold an estate subject to an equitable mortgage by an elegit executed on the estate of the debtor mortgagor, except subject to such equitable mortgage, although he had no notice of the mortgage at the time of the elegit. (2 *Story's Equity Juris.* § 1503, *A & B.* 997, 998, 999).

The knowledge by the plaintiff and her assignors that their money improved and saved the property, is alone sufficient to entitle her to priority of the judgments, although they had knowledge of the existence of them.

In neither the cases decided was a want of knowledge of the existence of the judgments required to be proven.

III. The case, *Crosby* agt. *Wood*, (2 *Seld.*, 371,) solely relied upon by the defendants, is not a parallel case. In that case the money loaned did not improve nor increase the value of the property.

But even in that case, JOHNSON, J., page 373, in rendering the opinion says:

" The judgment was at the time of the execution of the mortgage unsatisfied in fact, of record, and a legal lien on the land, and no circumstances then existed entitling the mortgagees to a priority in equity over this legal lien.

The only remaining question is, whether the mortgagees have, by matters subsequently arising, acquired any right which entitles them to be preferred in equity to the judgment creditor," which decides clearly that there are cases in which a mortgage given subsequent to the entry of judgment, may have priority over the same, and this decision confirms the case of *Tallman* agt. *Farley and others.*

IV. There is no injustice done by the judgment in this case to the defendants, Banker and Reeve, as the premises in question are directed to be sold, and out of the proceeds

the plaintiff is to be paid first, and the surplus is to be paid to them.

For these reasons, the judgment is correct and should be affirmed.

*By the court,* INGRAHAM, P. J.—The case 'of *Tallman* agt. *Farley*, (1 *Barb.*, 280,) is not a case similar to the present. In that case, the deed of the lots was left in escrow under an agreement that the purchaser should go on and erect buildings thereon, and when money sufficient had been expended on the building to secure the consideration money for the land, and the amount of money advanced by the seller, the deed was to be delivered and a mortgage executed for the whole.

The judgment in the case was recovered prior to delivering the deed, and the judgment creditor sought to be preferred over to the mortgage, and the court held that the mortgage constituted an equitable lien entitled to preference over the judgment. It was then said, that the judgment creditor is entitled to all that the debtor had in the property at the time of the recovery of the judgment. They can take all that belonged to the debtor and no more.

Part of the consideration of the mortgage in that case was the consideration money for the land which always entitled to priority over a prior judgment.

The correct rule is given by the chancellor in *Kierstead* agt. *Avery*, (4 *Paige*, 9,) when he says: " A judgment being a general lien on the land of the debtor is subject to every equity which existed against the land in the hands of the judgment debtor at the time of docketing of the judgment."

So in the *Matter of Howe*, (1 *Paige*, 125,) it was held that judgment creditors had no preference over prior equitable claims, but were limited to the estate as it existed at the time of recovering the judgment. An equitable mortgage

not recorded, was given priority over judgments docketed subject to the agreement for the mortgage.

So where a defective mortgage was perfected after judgments recovered prior thereto, the court decreed a perpetual injunction against the judgment, unless the creditor would redeem the mortgage. (See also Burrs agt. Burrs, 3 Ves. Jurs., 576 ; Finch agt. Eckel, Winchester 1 Prince Wm.'s Rep. 282 ; Foster agt. Fouat, 2 Serg. & Rawle, 11 ; Burchard agt. Phillips, 11 Paige, 66).

In all the cases I find the principle to be the same, viz., that the equitable claim on land which existed prior to the recovery of the judgment is given a preference over judgments docketed afterwards ; but in no case is that preference given where the equitable right did not exist prior to the recovery of the judgment.

I know of no principle of equity by which a purchaser of real estate or of a lease which at the time of the purchase is subject to the lien of a judgment can claim improvements subsequently made by him, although without knowledge of the judgment to be exempt from the lien. The law supposes the party purchasing to know of the lien and charges on him, the consequences of such knowledge. If, when such lien exists, he voluntarily expends money on the premises, the same becomes subject to the lien. Any other rule would virtually destroy the lien of a judgment on real estate. The principle upon which equitable liens are allowed to have priority is, that the contract was made before the docketing of the judgment. After that date the property with any subsequent improvements is subject to the lien.

Where something has been done by the assignee of a lease to prevent the lease from forfeiture, it may be that equity would enforce a priority for the payment of such claim over a prior judgment. But such claim must be for some other cause than the ordinary rent and taxes of the premises. It must be something which the lessee was not bound by the

lease to pay, and which has had the effect to preserve the security for the benefit of a judgment creditor. Such a claim would be the payment of an assessment which the lessor was bound to pay and did not, the payment of which prevented the termination of the lease by a sale.

The learned justice erred in holding the moneys expended after the recovery of the judgment by the plaintiff were exempt from the lien of the judgment recovered prior thereto, and should be paid before such judgment.

Judgment should be reversed, and a new trial granted, costs to abide event.