EUNICE B. LAMBERTON, APPELLANT, *v.* JOHN VAN VOORHIS AND QUINCY VAN VOORHIS, IMPLEADED WITH OTHERS, RESPONDENTS.

*Equitable lien for unpaid purchase-money — when superior to lien of judgment.*

April 1, 1869, Steitzor and wife conveyed certain real estate to Fleischer, who, on January 9, 1872, executed and acknowledged a deed thereof to William Hueltinsmidth, and gave the same to Steitzor, who, without the knowledge or consent of Fleischer, changed the name of William to Frederica, and the deed was recorded May 14, 1872. April 29, 1872, Frederica conveyed the same to Steitzor's wife by deed, recorded May 13, 1872, and Steitzor and wife conveyed the same to H. Butler by deed, dated May 4, 1872, and on September 24, 1872, Butler conveyed to Darrow, who, September 25, 1872, executed a mortgage thereon, which was subsequently assigned to the plaintiff, who brought this action to foreclose the same. Two thousand dollars of the consideration price was not paid to Steitzor by Fleischer, and neither Frederica Hueltinsmidth or Steitzor's wife were purchasers for value. May 10, 1872, a judgment was recovered against Fleischer, Steitzor and Van Voorhis, and on September 22, 1873, another judgment was recovered against Steitzor.

*Held,* that even if the deed executed by Fleischer was avoided by the unauthorized alteration of the name, yet Steitzor had an equitable lien upon the premises for the unpaid purchase-price, and that such lien passed to Butler by the deed executed by Steitzor and his wife, and from Butler to Darrow, and that by the mortgage from him it passed to the mortgagee, and was by him transferred to the plaintiff, and that such equitable lien of the plaintiff was superior to the lien of the judgments recovered against Fleischer and Steitzor.

APPEAL by plaintiff from a judgment entered in Monroe county upon the report of a referee, dismissing the complaint as to defendants, John and Quincy Van Voorhis. The action was brought to foreclose a mortgage upon premises described as about sixty-two acres in Monroe county. The referee found that the judgments held by John and Quincy Van Voorhis were prior and superior liens to the lien and rights of the plaintiff as mortgagee.

Originally, the title to the premises was in Michael Twoomley in fee, and he and his wife, conveyed to Henry Steitzor, April 1, 1878; Steitzor and wife conveyed April 1, 1869, to John Fleischer. In January 9, 1872, John Fleischer prepared and executed and acknowledged a deed thereof to *William* Hueltinsmidth, and put the same in the hands of Steitzor. This deed

was altered by striking out the name of *William* and inserting Frederica Hueltinsmidth, and put on record without the knowledge or authority of John Fleischer; it was recorded May 14. 1872. Frederica was induced by Steitzor to convey by deed, dated April 29, 1872, to Mrs. Steitzor, wife of Henry Steitzor, which was recorded May 13, 1872. May 4, 1872, Mrs. Steitzor and her husband executed a warranty deed of the premises to Harriet Butler, which was recorded May 13, 1872. Harriet Butler by warranty deed, dated September 24, 1872, conveyed to Agnes Darrow, by deed recorded September 26, 1872. Agnes Darrow, September 26, 1872, made the bond and mortgage set out in the complaint to Fisk and Clark for the benefit of her separate estate. The mortgagees, for a good consideration, assigned the bond and mortgage to Smith and Perkins & Co. as collateral security in September, 1872.

Subsequently, and on the 10th of January, 1873, Fisk and Clark, and Smith and Perkins & Co. assigned the bond and mortgage to the plaintiff. November 27, 1872, Agnes Darrow and her husband conveyed the premises to Alexander B. Lamberton, the husband of the plaintiff, and he assumed the mortgage, and he and his wife, the plaintiff, February 1, 1873, conveyed the premises to Wm. L. Calvert, and he assumed the mortgage. Calvert, by warranty deed, March 8, 1873, conveyed the premises to Marion L. Nickols, and he assumed the mortgage. April 30, 1873, Nickols and wife conveyed them to Mina A. Garlock, and she assumed the mortgage. Mrs. Garlock and husband, by warranty deed, August 4, 1874, conveyed them to Magdalena Rummell, who assumed the mortgage. Mrs. Rummell and her husband, by deed dated November 12, 1874, conveyed them to Romania Dorschell, the present owner, who did not assume the mortgage. May 10, 1872, the Farmers and Mechanics' National Bank of Rochester recovered a judgment for $113.60 against John. Fleischer, Henry Steitzor and John Van Voorhis. Van Voorhis was an accommodation indorser on the note on which the judgment was recovered, and subsequently paid it, and took an assignment of the judgment, with the privilege of enforcing it in the name of the bank or otherwise.

On the 22d day of September, 1873, the defendants, John and

Quincy Van Voorhis, recovered a judgment in this court for $836.15 against John Fleischer. On the 30th day of September, 1873, John Fleischer, at the request of M. L. Nickols, then grantee of the premises, executed a quit-claim deed thereof to Nickols, and declared in it that it was to confirm the deed to Frederica Hueltinsmidth.

When Henry Steitzor conveyed to John Fleischer, on April 1, 1869, Fleischer did not pay $2,000 of the purchase-price. The referee found that there was no evidence that it was ever paid, " and that this sum was an equitable lien on said premises, as against John Fleischer, in favor of Henry Steitzor, until the recovery of the above-named judgments ; *but* that they became *liens superior to said equitable lien from the time of their rendition respectively."*

*Angus McDonald,* for the appellant.

*John Van Voorhis,* for the respondents.

HARDIN, J.:

Assuming that the referee is correct in finding that the altered deed, from John Fleischer of the premises to Frederica Hueltinsmidth, did not pass any title from him to her, the judgments held by the respondents would be a general lien upon the legal estate of Fleischer, being prior, in point of time, to the plaintiff's mortgage, and presumptively a superior charge upon the premises covered by the mortgage. (*Chauncey* v. *Arnold and Wife,* 24 N. Y., 330.) But the deed from Frederica Hueltinsmidth to Mrs. Steitzor was without consideration, as was also the deed to her, and she was not a purchaser in good faith for a valuable consideration, and she would not, for that reason, be entitled to hold the title she thus derived, if any, as against the judgments of the respondents. Nor would the facts, which are claimed to effect an estoppel as to Henry Steitzor, avoid the effect of the lien of the judgments. However, when Henry Steitzor, May 4, 1872, joined with his wife in a conveyance to Harriet Butler, he had not been paid the purchase-price in full by John Fleischer. The referee has found that Fleischer was indebted to Steitzor for some $2,000 for unpaid purchase-money of the prem'ses. Such indebt-

edness for purchase-price constituted an equitable lien in favor of Steitzor. When he joined with his wife in a warranty deed of the premises to Mrs. Butler, he transferred such equitable interest to her; it attached to the premises, and passed under his conveyance to her. (*Arnold* v. *Patrick*, 6 Paige, 310; *Fisk* v. *Potter*, 2 Keyes, 72; *Hulett* v. *Whipple*, 58 Barb., 227.)

When Mrs. Butler took the deed from the Steitzors, she took under it all the title and estate and equitable interest, which they or either of them had in the premises, including Steitzor's vendor's lien for unpaid purchase-price of the premises. Steitzor had not, before joining in such deed, been paid, as the referee finds; and he had done nothing to waive the lien upon the premises, and therefore it passed to Mrs. Butler—his grantee., John Fleischer, took the estate *cum onore,* at least to the extent of the unpaid purchase-money. (2 Story's Eq., § 1232; *White* v. *Williams*, 1 Paige, 502; *Fisk* v. *Potter*, 2 Keyes, 72; *Hulett* v. *Whipple*, 58 Barb., 227; *Stoddard* v. *Whiting*, 46 N. Y., 627.) This equitable interest passed from Mrs. Butler by her warranty deed to Agnes Darrow, and was covered and carried by her mortgage, which the plaintiff now holds and seeks to enforce against the premises.

To the extent of that unpaid purchase-money the mortgage of the plaintiff attaches, and is prior in point of time, and higher in equity than the general lien of the judgments recovered against Fleischer, who took the legal title charged with the equitable interest of Steitzor for unpaid purchase-money. The judgments should, therefore, be subordinated to the plaintiff's mortgage to the extent of such unpaid purchase-price. (*Cook* v. *Kraft*, 60 Barb., 409; *Hallock* v. *Smith*, 3 id., 267; *Wood* v. *Robinson*, 22 N. Y., 567.) If the lands should sell for more than sufficient to satisfy and discharge the equitable interest, represented by such unpaid purchase-money, the judgments would then come in for such surplus. (*Arnold* v. *Patrick, supra.*)

It might be held, upon the facts found by the referee, that Steitzor was estopped from questioning the mortgage given upon the premises by Mrs. Darrow subsequent to her taking title under the deed of Steitzor; and that, as to him, the purchase-money due him was carried by his deed; and that he so intended, if any

question was made by him, and that view of the case would carry to the plaintiff all the equitable interest he had in the premises at the time of docketing the judgment in favor of the bank against Steitzor, as well as Fleischer. (*House* v. *McCormick*, 57 N. Y., 311.) But a mere transfer of his equitable interest, would be sufficient to give the plaintiff, under her mortgage, that equity as against the judgment; for when the judgment was docketed in favor of the bank on the 10th of May, 1872, against Steitzor, he had no legal estate that the judgment would become a lien upon. As we have seen, his deed to Mrs. Butler was made on the 4th day of May, 1872.

These views lead to the conclusion that the referee was in error in holding that the judgments " were prior and superior to the lien of the plaintiff's mortgage," therefore the judgment entered upon his report, holding the plaintiff's mortgage void as against the judgments, should be reversed and a new trial granted before another referee, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed, and new trial ordered before another referee, costs to abide event.