(70 App. Div. 105.)

### LAZARUS v. ROSENBERG et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. FRAUDULENT CONVEYANCE—DEED AS MORTGAGE—TRIAL—FINDINGS—JUDGMENT—COSTS.

In consideration of an indorsement by defendant H. of a debtor's note, the debtor agreed to deed to him as security her interest in her father's estate, and an absolute conveyance thereof was subsequently made. H. was compelled to pay the indorsed note. The debtor paid H. a part thereof, and subsequently H. conveyed the property to defendant N., under an agreement by N. to pay H. the balance. Plaintiff, a judgment creditor, brought an action to set aside the conveyances as fraudulent. *Held* that, on the court's finding that the conveyances were in fact a valid mortgage and an assignment of the mortgage, it was error to dismiss the complaint for plaintiff's failure to tender the amount of the lien of N. on the property, but the court should have determined the interest of N., and decreed the legal title in plaintiff, subject to such lien.

2. SAME—ASSIGNMENT.

The conveyance to H. being valid as a security, and his cause of action against the debtor being in assumpsit, and not on the note, it was to be inferred that he parted with his claim against the debtor, and trans-

ferred the indebtedness with the security, and the assignment was valid, though H. did not transfer the note which he had taken up as indorser.

3. SAME—APPEAL—JUDGMENT.

The material facts being found, the supreme court will award the appropriate judgment on the facts as found in the decision on which judgment was entered.

4. SAME—COSTS.

The security having been taken in the form of a deed, and not of a mortgage, and defendant N. having claimed full title, defendants should not have been awarded costs.

Appeal from special term, New York county.

Bill by Edward R. Lazarus against Ray Rosenberg and others. From a judgment dismissing the complaint on the merits, and awarding judgment in favor of defendants, plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles G. F. Wahle, for appellant.

Benno Loewy, for respondents.

LAUGHLIN, J. The plaintiff brings this action, as a judgment creditor of the defendant Ray Rosenberg, to set aside, as fraudulent and void, a conveyance of real estate made by her to the defendant Harris, and subsequently conveyed by him to the defendant Norton. On the 12th day of April, 1897, the defendant Rosenberg was, and for a long time prior thereto had been, engaged in business. Her father, Fink Soloman, and the defendant Harris, who was her uncle, had for many years been accommodation indorsers of her negotiable paper; Harris being the second indorser. On that day a $3,000 note made by her and indorsed by them became due. A note in renewal thereof was signed by her and indorsed by her father, who was then seriously ill, and the defendant Harris was also requested to sign as an indorser. This he declined to do, on account of the illness of Soloman, without security. Thereupon, upon the urgent solicitation of Soloman, and upon an agreement in writing by the defendant Rosenberg to deed to him, as security for such indorsement, her interest in her father's estate upon her coming into the inheritance, Harris indorsed the note. On the 28th day of the same month, Soloman having died in the meantime, the defendant Rosenberg, in compliance with her agreement, executed and delivered to Harris a warranty deed of her interest in the real estate left by her father. The consideration recited in this deed was $1, but the true consideration, as already stated, was shown upon the trial. The action in which the plaintiff obtained judgment against Rosenberg was upon three promissory notes given in renewal of other notes received in payment for goods sold and delivered. That action was commenced on the 11th day of March, 1898, and judgment was recovered on the 9th day of May, the same year. When the note which the defendant Harris last indorsed became due, he was obliged to pay the same. Subsequently the defendant Rosenberg transferred to him certain notes for the purpose of reimbursing him in this regard. He realized upon the sale of these notes the sum of $2,100 leaving the balance of her indebtedness to him on account of this indorsement and pay-

ment of the note the sum of $1,100. The court has found that the deed from Rosenberg to Harris was for the purpose of securing him on said indorsement, and was received by him in good faith. This finding is fairly sustained by the evidence.

The defendant Rosenberg filed objections to her father's will, and was contesting its probate. In these circumstances, the defendant Harris did not wish to hold the legal title to the premises, and manifested a desire to transfer the same to any person upon the payment of the balance owing to him. At the suggestion of the defendant Rosenberg or her husband, he thereafter, and on the 9th day of April, 1898, transferred the premises to the defendant Norton, who was the sister-in-law of Mrs. Rosenberg, by a warranty deed. The consideration recited in the deed is $1, but it was shown upon the trial that the real consideration was her agreeing to pay the balance of this indebtedness as security, for which she gave her two promissory notes, each for $550, one due in six months and the other in twelve months from the date of the transfer. The trial court found, in effect, that the defendant Norton succeeded to the interests of the defendant Harris in said premises, and that the deed to her was a lien upon said premises to the extent of $1,100. The court, however, dismissed the complaint on account of the failure of the plaintiff to tender the amount of such lien before commencing this action. In this we think the learned trial justice erred. The conveyance to Harris having been valid as security for his liability as indorser, he could transfer his title or interest; and his grantee, regardless of any notice of knowledge or fraud on her part, could hold the conveyance to the extent of the consideration with which she parted, not exceeding the amount of her grantor's lien. 1 Perry, Trusts (5th Ed.) § 222; Popfinger v. Yutte, 102 N. Y. 38, 6 N. E. 259; Cook v. Kraft, 41 How. Prac. 279; Meltzer v. Doll, 91 N. Y. 365; Bank v. Halsted, 134 N. Y. 520, 31 N. E. 900, 30 Am. St. Rep. 693; Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. 392, 4 L. R. A. 353, 10 Am. St. Rep. 495. It does not appear that the note which Harris took up as indorser was formally transferred by him to Mrs. Norton; but his cause of action against Mrs. Rosenberg was not on the note, but in assumpsit (Griffith v. Reed, 21 Wend. 502, 34 Am. Dec. 267; Wright v. Garlinghouse, 26 N. Y. 539), and the fair inference from his evidence is that he parted with his claim against Mrs. Rosenberg, and transferred the indebtedness, with the security, to Mrs. Norton, and no claim is made to the contrary. The case is therefore distinguishable from Merritt v. Bartholick, 36 N. Y. 44, where it was held that the assignment of a lien, without the assignment of the debt for which a personal liability existed, was a nullity. While a mortgage may be given to secure an indebtedness without or in lieu of any personal liability on the part of the debtor (Real Property Law [Laws 1896, c. 547] § 214; Spencer v. Spencer, 95 N. Y. 353; Mack v. Austin, Id. 513), yet in this case there was a personal liability on the part of Mrs. Rosenberg to Harris, which we think he has transferred to Mrs. Norton, and from which Mrs. Norton has not yet been discharged, although she may be discharged from it if she shall ultimately obtain a discharge in the bankruptcy proceedings now pending

against her. This, however, is quite immaterial to the plaintiff. It is not claimed that Harris has done anything to discharge his lien upon the premises, except to execute the deed to Mrs. Norton; and if that be ineffectual, on account of a failure to transfer the debt, then the lien as well as the debt is left with Harris, as before. The fact that Harris, in his answer, states that he claims no lien upon the premises since his transfer to Mrs. Norton, would not estop him from asserting the lien upon which the record remains undischarged, provided the transfer to Mrs. Norton is a nullity, so that the notes she gave would not be enforceable for want of consideration. These conveyances were, on their face, absolute. Upon proof interposed under the answers, the court has found that they were a mortgage and assignment of mortgage, and has fixed the amount of the lien for which the assignment is held by Mrs. Norton; but by the dismissal of the complaint the plaintiff is left in no better position than before. He may be obliged to litigate anew this question as to whether the title of Mrs. Norton is absolute, or only as security for $1,100. On these facts the court should have finally determined by the decision and judgment the interest of Mrs. Norton in the premises, and should have declared the legal title thereto in the judgment debtor, and that the mortgage be permitted to stand as security, so that the plaintiff would be at liberty to sell the property on his execution, subject to the mortgage interest of Mrs. Norton (Bank v. Risley, 19 N. Y. 369, 75 Am. Dec. 347; Bryer v. Foerster, 14 App. Div. 315, 43 N. Y. Supp. 801; Harris v. Osnowitz, 35 App. Div. 594, 55 N. Y. Supp. 172; Bank v. Riger, 38 App. Div. 123, 56 N. Y. Supp. 545; Clift v. Moses, 75 Hun, 517, 27 N. Y. Supp. 728, affirmed in 151 N. Y. 628, 45 N. E. 1131; Baldwin v. June, 68 Hun, 284, 22 N. Y. Supp. 852), which is the usual practice where there are no special facts requiring the appointment of a receiver, and a sale by him, with directions to apply the proceeds in payment of the mortgage before paying the judgment.

The material facts having been found, we deem this a proper case for the reversal of the judgment, and the granting of the appropriate judgment on the facts as found in the decision upon which the judgment was entered. Inasmuch as the security was taken, not in the form of a mortgage, but in the form of a deed, and since the defendant Norton by her answer claimed full title, the defendants should not have been awarded costs. The record does not show the facts essential to enable us to determine whether the plaintiff should have recovered costs of the trial against the defendant Norton, but manifestly he should not have had costs against the defendant Harris.

The judgment is therefore reversed, and, upon the facts as found in the decision upon which the judgment from which the appeal is taken was based, judgment is awarded as follows: First, dismissing the complaint upon the merits as against the defendant Harris; second, adjudging and decreeing that the deed from the defendant Rosenberg to the defendant Harris was intended as security, and is a mortgage, and that the deed from the defendant Harris to the defendant Norton was intended as and is an assignment of the claim of Harris for $1,100 and interest, and of said mortgage, and that the

same be permitted to stand as security for the payment by the defendant Rosenberg to the defendant Norton of the sum of $1,100, and interest thereon from the 9th day of April, 1898; third, adjudging and decreeing that the plaintiff's judgment is a lien upon the premises described in the complaint and in said deeds, subject to the lien of the defendant Norton as aforesaid; fourth, that neither party, as against the other, recover costs of the trial. The appellant, however, after the facts were all disclosed upon the trial, was not awarded the judgment to which he was entitled, and he should therefore recover of the respondents the costs of the appeal. All concur.