(120 App. Div. 782)

WHITE v. FROMME et al.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

EQUITY—DECREE—ADAPTING REMEDY TO FACTS DEVELOPED.

Suit to set aside a deed made by plaintiff to defendant, on the ground that the conveyance was made merely on representations that it was best that it should be made and the property held by defendant till the happening of a certain event, and that such event had occurred, should not be dismissed on the merits, on a finding that plaintiff voluntarily conveyed the property to defendant "to pay or secure the payment" for certain services; but, the facts being before the court, it should adapt its remedy to the facts, though an amendment of the pleadings may be necessary, and find whether the conveyance was made as payment or security, and, in the latter event, what sum was secured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 1001.]

Appeal from Special Term, New York County.

Action by Joseph H. White against Herman Fromme and James A. Douglas. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Charles L. Hoffman (Henry A. Friedman, on the brief), for appellant.

Jacob Fromme, for respondents.

CLARKE, J. This was an action to set aside a deed to a piece of property situated on Staten Island, executed by the plaintiff to the defendant Douglas. It appears that this piece of property was owned in 1902 by one Mary E. Hardy, to whom Joseph H. White, the plaintiff, loaned about $400. Subsequent thereto Mrs. Hardy and her husband gave a deed of said property to White under an understanding that it was a mortgage, and that upon the repayment of the money advanced White would retransfer the said property to Mrs. Hardy. Subsequent to that transfer one James L. Goucher brought an action against Mrs. Hardy and White, in the Supreme Court of Richmond county, as assignee of a judgment obtained by one Tim against Mrs. Hardy for $249.67, upon which judgment an execution had been issued and returned unsatisfied, claiming that the deed delivered by said Mary E. Hardy to said White be set aside, and that the property be sold, and from the proceeds thereof the said judgment be satisfied. White, who had been for many years an occupant of Fromme's office, of which office Douglas was then managing clerk, put in an answer, through Fromme as his attorney of record, and defended the action, as did

Mrs. Hardy through another attorney. Said action was tried on the 19th day of May, 1904, in Richmond county. Both White and Mrs. Hardy testified to the bona fides of the transaction. The court dismissed the complaint. The counsel for the plaintiff had notified Douglas that he intended to appeal, and White claims that the day after the trial Fromme said to him:

"You had better give a deed to Douglas for his protection. After the thing is all right, they may appeal the case; and, if they do appeal it, when everything is all right, I will give the property back again."

The deed at bar was executed on May 20, 1904, and recorded; Henry Fromme, a brother of Herman, taking the acknowledgment of Mrs. White, and was returned to Fromme Bros. as recorded by them. An appeal from the Richmond county judgment was subsequently taken to the Appellate Division of the Second Department, and the judgment affirmed. The trial at Special Term took about 30 to 45 minutes, and the minutes of the testimony covered 13 pages, three witnesses being examined. Upon the appeal Douglas put in no brief for the defendant. The complaint at bar alleged, and it is not denied in the answer, that the property is worth $750.

Douglas' claim is that he alone appeared in the case, and that the reason that Fromme Bros. formally appeared as attorneys of record is that it was a rule in the office that, if any clerk had any case, it should be conducted in the name of the firm; that the whole matter was his, and that White agreed to pay him for his services and the disbursements. Douglas testified that after the trial at Special Term, not having received anything for his services, he spoke to White, who said that he had no money; that he did "not see any way to pay, except to give me some property, and I asked him what property, and he said, 'I will give you a deed of this Staten Island lot;'" and thereupon he drew the deed that afternoon, which was executed the next day. He testified that subsequently, after the appeal had been settled, White said:

"Now, then, the title is all clean, and everything is disposed of, and I want to get that property back: and I said I was willing to sell it. He asked me how much I would sell it to him for, and I told him $500. He said he would see if he could raise that money. He would see some relative—Mr. Aaron, or somebody else. And a day or two afterwards he spoke about it again, and said: 'I cannot get $500. All I can get is $250, which Mr. Aaron will loan to me.' I said: 'I cannot let you have the property for $250.'"

Douglas claimed upon the trial that his services were worth $750, and the evidence leaves it somewhat in doubt whether he claims the transfer to have been an absolute transfer for his fee or by way of security.

The court, in its decision, has made a finding in the alternative that White conveyed the property to Douglas voluntarily and at his own suggestion, to pay or secure the payment of said services and disbursements. If this conveyance was by way of security, the court ought to have determined for what amount it was security, and have settled the equities between the parties. Lazarus v. Rosenberg, 70 App. Div. 105, 75 N. Y. Supp. 11. The complaint having been dismissed upon the merits, a serious embarrassment might arise in any other action,

if the defendant should raise the point of res adjudicata. It is quite true that the complaint does not set up that the deed was given as security, nor was there any tender or offer to pay the amount due. It alleges that the deed was obtained from the plaintiff by the representations and advice of the attorney, upon which the client relied. The decision leaves the whole matter in doubt.

The amount involved in the suit to set aside the deed from Mrs. Hardy to White, as evidenced by the judgment upon which the suit was brought, was $249. For payment of services to one defendant, who held title to property worth $750, which title appears to have been only that of a mortgagee in fact, the attorney now holds title to the whole property. The facts having been before the court, it should have adapted its remedy in this equitable action to those facts, even if an amendment to the pleadings to conform to the facts found had been necessary. As it is, the client goes out of court with a dismissal upon the merits, while the attorney keeps the real estate, although the court finds the important fact in the alternative, which is no finding at all.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.