## IN EQUITY.

PETER HENDRICKSON vs. PETER B. WINNE, JOHN P. WINNE, and HENRY P. WINNE.

Where a fraudulent conveyance of real estate, made by a judgment debtor prior to the recovery of the judgment, is established as to the Plaintiff by a creditor's bill taken as confessed; the Plaintiff is entitled to have a reference to appoint a receiver of the property and effects of the Defendant (the judgment debtor) had at the time of the commencement of the equity suit, but is not entitled to a decree directing the sale of the real estate; in relation to that, he must be left to pursue his remedy on his judgment.

It is not the practice of Courts of Equity to direct a sale of real estate under a decree upon a creditor's bill, where the legal remedy is not adequate.

Although a Defendant admits all the allegations and charges in a bill, he does not thereby consent that a decree shall be entered against him, as prayed for in the bill.

It is the duty of the court to see that an appropriate decree is entered, without reference to what is asked for in the prayer of the bill.

The Plaintiff had two judgments against Peter B. Winne, upon which,

executions had been returned unsatisfied; he filed a creditor's bill upon the judgments, and made the other Defendants, who were the sons of Peter B. Winne, parties, alleging that prior to the recovery of the judgments, Peter B. Winne had fraudulently conveyed to them his property, including certain real estate described in the bill. The bill having been taken as confessed by all of the Defendants, the counsel for the Plaintiff, moved for a decree declaring the conveyance fraudulent and void, and directing the receiver to be appointed under a reference for that purpose to sell the real estate which had been conveyed by Peter B. Winne to the other Defendants.

ROBERT D. WATSON, *for the Plaintiff.*

HARRIS, Justice.—The bill having been taken as confessed by the Defendants, the Plaintiff is entitled to such a decree as the state of facts presented in his bill will justify. His counsel is mistaken in supposing that because the Defendants have admitted all the allegations and charges in the bill, they have thereby consented that a decree shall be entered against them as prayed for in the bill. It is the duty of the court to see that the appropriate decree in the case is entered, without reference to what is asked for in the prayer of the bill. The allegations of fraud in respect to the conveyance of the 10th of August, 1842, being admitted, the Plaintiff is entitled to a decree declaring that conveyance fraudulent and void as against him. He is also entitled to have a reference to appoint a receiver of the property and effects which Peter B. Winne, his judgment debtor, had at the time of the commencement of this suit; all the Defendants are to be charged with the costs of this suit. But he is not entitled to a decree directing the sale of the real estate. The conveyance by his judgment debtor to the other Defendants, having been declared to be void, as against him, he must be left to pursue his remedy upon his judgments.

It is not the practice of courts of equity to direct a sale of real estate under a decree upon a creditor's bill, where the legal remedy is adequate. A decree must be entered in conformity with these principles.