BENJAMIN F. YOUNG, Administrator, etc., Respondent, *v.* JOHN HEERMANS et al., Appellants.

A transfer by a debtor of all his property, real and personal, without consideration and in trust for him and for his benefit during his life, and after his death for the payment of his debts, etc., is, *per se*, conclusive evidence of fraud as to existing creditors; no extrinsic circumstances or evidence *aliunde* is necessary to establish a fraudulent intent. It is void, therefore, as against such creditors both as to the real and the personal estate.

The innocence of any fraudulent intent, upon the part of the transferee, will not protect his title.

Where, at the time of such a transfer, the transferrer has in his hands, as agent for another, securities belonging to his principal for which he is liable to account, although no demand has been made upon him to transfer and surrender the securities, yet there is a fiduciary and pecuniary obligation, and a contingent liability which makes the principal a creditor, within the meaning of the statute, against fraudulent conveyances. (2 R. S., 135, § 1; 137, § 1.)

It is not necessary for the principal, in order to impeach the transfer for fraud, to show that his agent actually intended at the time a misappropriation or conversion of the securities.

After the commencement of an action by a principal to set aside such a conveyance made by his agent, the latter died; his personal representatives were substituted as defendants but his heirs at law were not brought in. *Held,* that while, so far as the real estate was concerned, the proper parties were not before the court to authorize a determination of the question as to whether a legal estate vested in the grantee upon valid trusts, as against the heirs; yet that plaintiff was entitled to judgment, declaring the conveyance void and his judgment a lien upon the real property as against the grantee, as if no conveyance had been made, with leave to proceed by execution against the lands according to the course and practice of the court.

(Argued June 1, 1876; decided June 13, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, modifying a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as judgment creditor, to vacate and set aside certain conveyances or deeds in trust, made by John Fellows to defendant John Heermans, as fraudulent and void against creditors.

Fellows, who was one of the original parties defendant, died after the commencement of the action and his personal representatives were substituted in his stead.

The facts as found by the referee are, in substance, as follows: Said Joseph Fellows, up to and for many years prior to May, 1871, was agent of Richard T. P. Pulteney, plaintiff's intestate, who was a non-resident of the United States, for the sale of real estate, collection of debts, etc. That prior to October, 1868, said Fellows collected a large amount of

money as such agent, and invested the same in railroad stocks, government bonds and county bonds, holding said stocks in his own name as trustee for Pulteney. That on October 3, 1868, Fellows executed and delivered to defendant Heermans an instrument in writing, whereby, for the expressed consideration of one dollar, he granted and conveyed to said Heermans all his real and personal estate, in trust, to sell the lands, collect the debts, and, after paying the expenses of the trust, to pay over to Fellows, or to appropriate to his use, the residue of all moneys received; after the death of said Fellows, and the payment of all his just debts, to distribute the residue as directed in an instrument to be thereafter executed supplementary thereto. On the 10th of October, 1868, Fellows executed another instrument to take the place of the first, similar to it, with the addition of a power in the trustee to rent the lands until sold. On the 15th of October, 1868, Fellows executed and delivered to Heermans the supplementary instrument referred to, directing as to the distribution of the residue of the real and personal property after payment of debts. Heermans, upon the execution of said instrument, took possession of Fellows' real and personal estate. In May, 1871, Pulteney demanded the securities so held by Fellows, and upon his refusal to deliver up the same, commenced an action against him to recover the same or their value, and obtained a judgment for $142,209.43, upon which execution was duly issued and returned unsatisfied. In June, 1871, Fellows executed to Heermans another instrument conveying all his real estate and personal estate acquired subsequent to the prior conveyances; also his right and interest in the avails in trust, to rent the real estate, collect debts and sell the real estate after the death of the grantor; to pay over to the latter, instead of as provided in the former instrument, $2,000 during his life, and after his death, and after payment of debts, to distribute the residue as specified. The court found that the said instruments were executed without consideration, and were made by Fellows with intent to hinder, delay and defraud his creditors, and, as conclusions of law, that plaintiff

was entitled to have his judgment satisfied out of the property so transferred, and that the equitable lien thereon acquired by the commencement of the action survived the death of Fellows. Judgment was perfected decreeing that Heermans pay the amount of plaintiff's judgment with interest in three years, in semi-annual payments, and in case of default, that a receiver be appointed of all the property which came to the hands of Heermans. Defendant Heermans appealed. The General Term modified the judgment by decreeing that plaintiff's judgment should not be a lien or charge upon the real estate, as the same descended to the heirs of Fellows, and as they were not made parties, and affirming the judgment as thus modified. Both parties appealed to this court.

*William Rumsey* for the plaintiff. The judgment against Fellows was *prima facie* evidence against Heermans to establish the indebtedness of Fellows to plaintiff. (*Hindes* v. *Longworth,* 11 Wheat., 199, 209; Freeman on Judgments, § 418; C. & H. Notes, 981, 982, note 693 [4th Am. ed.]; *Voght* v. *Ticknor,* 48 N. H., 242; *Church* v. *Chapin,* 35 Vt., 223, 231; Pomeroy's Remedies and Rights, §§ 618–621; *Baker* v. *Drake,* 53 N. Y., 211, 214; Gould's Pldgs., chap. 6, §§ 29, 30.) The deeds to Heermans being voluntary and without consideration are fraudulent and void. (*Rathbun* v. *Platner,* 18 Barb., 272–274; 46 id., 157; *Griffin* v. *Marquardt,* 17 N. Y., 28; *Dart* v. *Farmers' Bk.,* 27 Barb., 337, 345; *Newman* v. *Cordell,* 43 id., 448; *Babcock* v. *Eckler,* 24 N. Y., 632; *Seymour* v. *Davis,* 14 id., 569; *Newman* v. *Cordell,* 43 Barb., 448, 456; *Sexton* v. *Wheaton,* 8 Wheat., 229, 243; *Reade* v. *Livingston,* 3 J. Ch., 492; *Hawley* v. *Sackett,* 6 N. Y. S. C., 322; *Holmes* v. *Clark,* 48 Barb., 237; *Freeman* v. *Hope,* L. R., 9 Eq., 205; 5 Ch. App., 538; *Cropley* v. *Elworthy,* L. R., 12 Eq., 158; *Mackay* v. *Douglass,* L. R., 14 id., 106; *Carpenter* v. *Roe,* 10 N. Y., 227; *Fox* v. *Moyer,* 54 id., 125, 131; *Newman* v. *Cordell,* 43 Barb., 457; *Bennett* v. *McGuire,* 58 id., 625, 636; *Nicholson* v. *Leavitt,* 6 N. Y., 510; *Burdick* v. *Post,* 12 Barb., 168; 6 N. Y., 522; *Dun-*

*ham* v. *Waterman*, 17 id., 9, 17, 18.) The deeds were void, because the trusts provided for in them were primarily for Mr. Fellows' use. (2 Edm. Stat., 140, § 1; 2 R. S., 135, § 1; *Curtiss* v. *Leavitt*, 15 N. Y., 9, 176, 206, 295; *Goodrich* v. *Downs*, 6 Hill, 438, 442; *Mackie* v. *Cairns*, Hopk., 373; *McLean* v. *Butler*, 19 Barb., 450; *Mittnacht* v. *Kelly*, 5 Abb. [N. S.], 442.) Plaintiff was a creditor within the statute as to fraudulent conveyances, and entitled to protection as such. (2 Edm. Stat., 142, § 1; *Nicholson* v. *Leavitt*, 6 N. Y., 515; *Cadogan* v. *Kennett*, Cowp., 434; *Twyne's Case*, 1 S. L. Cas., 36; *Fox* v. *Hills*, 1 Conn., 295; *Jackson* v. *Myers*, 18 J. R., 425; *Jackson* v. *Seward*, 5 Cow., 67; 8 id., 406; *Van Wyck* v. *Seward*, 18 Wend., 375; *Elwood* v. *Deifendorf*, 5 Barb., 398; *Leggett* v. *Bk. of Sing Sing*, 24 N. Y., 292; 1 Am. L. Cas. [4th ed.], 42; *Shear* v. *Shay*, 42 Ind., 375; *Pendleton* v. *Hughes*, 65 Barb., 136; *Richardson* v. *Smallwood*, Jac. Ch., 552.)

*A. Hadden* for the defendant. There is nothing in the fact of the making of the trust deeds from which fraud can be inferred. (2 Edm. Stat., 142, § 4; *Seymour* v. *Wilson*, 14 N. Y., 569; *Hanford* v. *Archer*, 4 Hill, 300; *Cunningham* v. *Freeborn*, 1 Edw. Ch., 260; *Babcock* v. *Eckler*, 24 N. Y., 633; *Hildreth* v. *Van Sant*, 2 J. Ch., 35; *Grover* v. *Wakeman*, 11 Wend., 195.) As Mr. Pulteney continued Mr. Fellows as his agent after the making of the deeds, as between himself and third parties, Mr. Pulteney is to blame and should bear the loss, whether the debt was prior or subsequent to the deeds. (*Hunter* v. *H. R. I. and M. Co.*, 20 Barb., 506; *Smith* v. *Empire Ins. Co.*, 25 id., 502; *Vallett* v. *Parker*, 6 Wend., 620; *Root* v. *French*, 13 id., 572; *Sandford* v. *Handy*, 23 id., 268; *Bk. of U. S.* v. *Davis*, 2 Hill, 465; *Mitchell* v. *Oakley*, 7 Paige, 69; Paley on Agency, chap. 3, pt. 3, § 2.; *Rome Ex. Bk.* v. *Eames*, 38 N. Y. [1 Keyes], 596; Law of Trusts, etc., B. & T., 1; *McLaughlin* v. *Bk. of Potomac*, 7 How. [U. S.], 229; *King* v. *Thompson*, 9 Pet., 218; *Ingalls* v. *Morgan*, 10 N. Y., 186.)

Allen, J. Aside from the question of fraud, which is directly presented upon this appeal and which was the principal question discussed by counsel, another serious and important question, affecting directly the interests of individuals who are not parties to the action, and who will not therefore be concluded by any judgment that may be given, is directly involved. That is as to the effect of the several deeds from Fellows to Heermans, and whether any estate vested in Heermans, the grantee, either during the life of Fellows, the grantor, or at his death, and whether the real property mentioned in the several deeds did or did not descend directly to the heirs of Fellows. Whether a valid trust was created by the deeds, in Heermans was considered by this court, in *Heermans* v. *Robertson* (64 N. Y., 332), recently decided, but was not passed upon, for the reason that then, as now, the proper parties were not before the court so as to permit a judgment to be given, which should determine the rights of all interested. The important question was purposely left open and judgment given against the plaintiff upon grounds not affecting the claim and title of the heirs at law of Fellows.

In the present action Heermans represents the *cestuis que trust* and other beneficiaries named in the deeds, under which he asserts title, and, assuming the existence of a trust estate in Heermans, valid except as against creditors of the author of the trust, the judgment will bind, not only Heermans, but all taking or claiming title or interest under the deeds. But the judgment will not bind the heirs-at-law or others claiming as successors in interest to Fellows and adversely to the deeds. It follows, that if the judgment recovered by Pulteney against Fellows in his lifetime, should be adjudged a valid lien upon the lands and real property of the judgment debtor as against any title sought to be made under the deeds to Heermans, whether for the reason that the deeds were fraudulent and void as against creditors, or for the reason that no legal estate vested in Heermans, the judgment should only declare that fact and leave the judg-

ment creditor or his representatives to proceed by execution against the real property, making the heirs and *terre* tenants parties to the proceedings in the usual way. It is true that if proper parties were before the court and the trusts should be adjudged valid and the deeds simply void as against creditors, full relief might be granted in this action. But, as before suggested, we have not the proper parties before us to authorize a judgment that a legal estate vested in Heermans upon trusts authorized by law as against the heirs of the grantor. Should judgment be given for Heermans in this action, the plaintiffs might still seek their remedy against the real estate, if the same in fact descended to the heirs at law of the judgment debtor, and they would not (any more than would the heirs by an adverse judgment) be estopped by the judgment in this action. As both parties have, however, seen fit to litigate through all the courts, upon the theory that Heermans was seized of an estate in the real property sought to be conveyed by the deeds as between him and the grantor and the heirs of the grantor, it may facilitate a final adjustment of the many vexed questions which are continually arising under the several deeds before us to pass upon such of the questions made as concern only the parties now before the court, and which may be disposed of without affecting the rights of others.

The action was commenced during the lifetime of Mr. Fellows, and there was then no defect of parties, but every question as to the title and estate in the lands, as well as the personal property, that could be suggested, might have been heard and determined in the action. Since his death, his personal representatives have been made parties, but the heirs at law have not been brought in. The right of action of the plaintiff in respect to the personal property claimed by Heermans under the deeds can be finally disposed of by the judgment in the action, for the reason that the next of kin and all that could claim as the successors in interest of the deceased judgment debtor adversely to Heermans are before the court. The transfer of the personal property and choses

in action being in trust for the use of the person making the transfer, it was absolutely void as against subsequent as well as existing creditors. (2 R. S., 135, § 1; *Curtis* v. *Leavitt*, 15 N. Y., 9, 122, 132, 148.) The deed is avoided irrespective of any intent to defraud. (*Goodrich* v. *Downs*, 6 Hill, 438.) So much of the judgment, therefore, as declares the transfer of the personal property to Heermans void, and directs the appointment of a receiver of the same, must be affirmed. Assuming, as it is not controverted by the present litigants, but without deciding, that the deeds are sufficient in form to vest the legal estate in the lands and real property in Heermans, they can only be impeached by the plaintiffs and subjected to the payment of the judgment, upon proof that they were made with intent to hinder, delay or defraud creditors. The statute avoids all deeds and conveyances of lands or other property or things in action, made with such intent, as against the persons so hindered, delayed or defrauded. (2 R. S., 137, § 1.) A deed is not *per se* fraudulent, even against existing creditors, merely because it is voluntary. The want of a consideration is only a circumstance from which with other circumstances fraudulent intent may be inferred. Still less is it *per se* fraudulent and void as against subsequent creditors. There must be circumstances showing actual fraud to impeach the conveyance, and facts proved to show that actual fraud was contemplated. If a voluntary conveyance is made immediately before engaging in some hazardous business or enterprise, or obligations are incurred so soon after the conveyance as to warrant a presumption that actual fraud was intended, or other circumstances lead to the same inference, a deed will be adjudged fraudulent and void as well against the subsequent as existing creditors. (*Dygert* v. *Remerschnider*, 32 N. Y., 629; *Savage* v. *Murphy*, 34 id., 508; *Case* v. *Phelps*, 39 id., 164; *Sexton* v. *Wheaton*, 8 Wheaton, 229; *Ridgway* v. *Underwood*, 4 Wash. C. C. R., 129; *Mackay* v. *Douglass*, L. R., 14 Eq. Cas., 106.) As against creditors of Fellows at the time of the conveyance from him to Heermans there were no extrinsic circumstances or evidence *aliunde* necessary to

establish a fraudulent intent. Upon proof of an existing indebtedness, the fact that the grant was of all the property of the debtor in trust for himself and for his use would be conclusive evidence of fraud and it could not be overcome by any proof of innocent intention. The referee has found that all the estate of Fellows, real and personal, was conveyed to Heermans upon the trusts and for the purposes named in the several instruments set forth in the pleadings. The direct and primary trust was for the use of the grantor during his life and the effect was necessarily to postpone the payment of debts and delay his creditors until after his death. The referee found upon this statement that the deeds were made with intent to hinder, delay and defraud creditors, and the inference was justified by the facts. Such was the legal effect of the deeds, if valid, and the law will presume that parties intend the usual and necessary consequences of their acts. A conveyance by one indebted at the time, by which the grantor secures some benefit to himself at the expense of creditors, or by which creditors are prevented from compelling an immediate appropriation of the debtor's property to the payment of his debts is deemed fraudulent and void. *A fortiori*, should deeds of conveyance be adjudged fraudulent and void, which postpone creditors in the collection of their debts until the death of the debtor and secure the use of the whole property to the latter during his life. (*Goodrich* v. *Downs*, 6 Hill, 438 ; *Mackie* v. *Cairns*, 5 Cow., 547 ; affirming S. C., Hop. Ch. R., 424 ; *Grover* v. *Wakeman*, 11 Wend., 187 ; *Barney* v. *Griffin*, 2 Com., 365 ; *Nicholson* v. *Leavitt*, 2 Seld., 510 ; *Dunham* v. *Waterman*, 17 N. Y., 9 ; *Freeman* v. *Pope*, L. R., 5 Ch. Ap., 538.) An assignee in trust for creditors or a grantee in a voluntary conveyance does not occupy the position of a purchaser for value and his innocence of any fraudulent intent will not protect his title if, for any reason, it may be adjudged fraudulent as to creditors. (*Griffin* v. *Marquardt*, 17 N. Y., 28.) The conveyance now attacked was made in October, 1868, and was modified in respect to some of the trusts by instruments made during

succeeding months. At the time of the grant, Fellows was the agent of the plaintiff intestate, who was an alien residing in Great Britain and was in the receipt of large sums of money belonging to him and had, prior to that time, invested of funds, belonging to his principal a large sum in sundry securities, including government bonds, railway stocks, etc., taking the transfer to himself as trustee. These securities were in his possession at the time of the execution of the principal grant and the several instruments following; and, holding them as agent and trustee, he was liable to account for them and the interest and income derived from them when called upon. In 1871 his agency terminated and he was called upon to account for and deliver to his successor in the agency and for the principal, the securities thus held by him, but failed to comply with the demand, and an action was brought resulting in a judgment for nearly $150,000, upon which an execution was issued and returned unsatisfied and upon which this action is based. Although there may not have been a complete and perfect cause of action at the time of the deed from Fellows, for the reason that there had been no demand of a transfer and surrender of the securities, there was a fiduciary obligation and a contingent liability to respond in money to the value of the securities, depending upon his own acts and his fidelity to the trust, and from which an absolute liability ensued.

There can be no serious question that Mr. Pulteney, the plaintiff intestate, was, under the circumstances and within the true meaning of the statute against fraudulent conveyances, a creditor. The statute has always had a liberal interpretation, for the prevention of frauds and the term creditor has not received a restricted or limited interpretation. A suit to set aside a settlement as fraudulent against creditors was entertained when the plaintiff subsequently became a creditor by the breach of a covenant previously entered into by the settler. (*Richardson* v. *Smallard*, 1 Jac. C. R., 552.) It is not necessary to show, in order to impeach this deed for fraud, that the grantor actually contemplated a misappropriation or

conversion of the securities of the intestate. It is sufficient that, having these securities in his possession, he transferred his entire property without consideration and did not account for them to the rightful owner. It is not necessary to show that he contemplated an actual indebtedness to ensue from his dealings with the principal or with or in respect to his agency and trust. (*Mackay* v. *Douglass, supra.*) An assignment was set aside at the suit of B., who was a creditor of the assignee upon a running account upon which the assignor was indebted at the time of the assignment, but upon which payment had been made more than sufficient to pay the whole sum then due, so that the whole indebtedness remaining accrued after the assignment. (*Whittington* v. *Jennings,* 6 Simons, 493.) It has been repeatedly adjudged that a party bound by a contract whereof he may become liable to the payment of money, although his liability be contingent, is a debtor within the meaning of the statute avoiding all grants made to hinder or delay creditors. (*Van Wyck* v. *Seward,* 18 W. R., 375, per BRONSON, J., at page 383 *et seq.* and cases cited.) It would be a reproach to the law if a creditor, becoming such under the circumstances appearing in this action, could not have the benefit of the statute but must suffer the loss of his debt in favor of one claiming under a voluntary grant from the debtor and for his use. An honest construction of the instruments would have justified the payment of this debt after the death of Fellows as one of the debts provided for to be paid after such death. But the courts were open and the grantee had the legal right to contest the claim of the creditor after the trust for the payment of debts became operative by the death of the debtor, if the trust was valid or a power in trust existed. The plaintiff is entitled to a judgment declaring the conveyances void as against him and declaring his judgment a lien upon the real property conveyed by Fellows as against the grantee, Heermans, as if no conveyance had been made by the judgment debtor, with leave to him to proceed by execution against the lands conveyed according to the course and practice of the

court. By this judgment the deeds to Fellows will no longer be an obstacle to the collection of the judgment. This is the proper judgment when, as in this case, by reason of a defect of parties, a perfect title cannot be made under an equitable execution or a sale by a receiver.

That part of the judgment of the Supreme Court which declares that the judgment is not a lien upon the lands and appoints a receiver of the real property must be reversed and the judgment modified to conform to the views expressed.

As both parties have appealed and neither has succeeded, neither should recover costs in this court as against the other.

All concur.

Judgment accordingly.