BRYER v. FOERSTER et al.

(Supreme Court, Appellate Division, First Department.　February 12, 1897.)

1. Setting Aside Fraudulent Conveyance—Judgment—Practice.

Where a judgment creditor, suing solely in his own behalf, succeeds in an action brought to reach only real estate fraudulently conveyed, the proper judgment is to set aside the conveyance, so far as it obstructs plaintiff's judgment, and permit him to pursue his remedy on his judgment in the usual way.

2. Same—Deceased Debtor.

Under Code Civ. Proc. § 1380, as recently amended, which provides that the judgment creditor of a deceased person may enforce his judgment against real estate which has been fraudulently conveyed, and in regard to which a judgment declaring the conveyance fraudulent has been entered, by the issue of execution, without application to the surrogate, leave should be given to the judgment debtor to so proceed, without the appointment of a receiver.

Appeal from special term, New York county.

Action by Peter Bryer against Catherine Foerster (individually and as administratrix, etc., of Joseph Foerster, deceased), Matilda Foerster, and others, to set aside a fraudulent conveyance. From a judgment in favor of plaintiff, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George W. Wingate, for appellants.

Sumner B. Stiles, for respondent.

RUMSEY, J. After reading the testimony in this case, we agree fully with the learned justice at the special term in the conclusion reached by him, that the conveyances attacked in this action were fraudulent and void as to the plaintiff's judgment, and that he was entitled to have them set aside, as far as they were an obstruction to the execution of his judgment. But we do not agree with him as to the relief which he granted. In our opinion, in cases of this kind, where an action is brought by a judgment creditor to reach real estate fraudulently conveyed, the proper judgment to enter is to direct that the fraudulent conveyances shall be set aside, so far as they are an obstruction to the plaintiff's judgment, and that he shall be permitted to issue execution, and sell the property upon the execution, in the usual way. It is quite true that the courts have held that the appointment of a receiver to sell the property fraudulently conveyed, and pay the judgment out of the proceeds, is not improper; but this conclusion was reached after considerable vacillation, and in spite of the serious inconveniences which necessarily resulted from the taking of that course. Where a judgment is brought to reach personal property or equitable assets which have been disposed of with intent to defraud creditors, the appointment of a receiver is not only proper, but necessary, because it is only when a receiver has been appointed, and has taken the property into his possession, that the creditors acquire an equitable lien upon the assets sought to be

reached; and in no other way than by a sale through a receiver can those assets be reduced to money, and applied to the payment of the execution. Storm v. Waddell, 2 Sandf. Ch. 494. In an action like this, where the action is brought by one judgment creditor solely in his own behalf, and it is sought to reach only real estate fraudulently conveyed, the proper judgment is to set aside the conveyance, so far as it is an obstruction to the plaintiff's judgment, and permit him to pursue his remedy upon his judgment in the usual way. Hendrickson v. Winne, 3 How. Prac. 127.

It is not necessary to enlarge particularly upon the inconveniences which may result to all parties from a resort to a receiver. They are fully set out by Judge Comstock in the case of Bank v. Risley, 19 N. Y. 369, 374, et seq. The result to the judgment creditor, who procured the fraudulent conveyance to be set aside, of the conveyance to the receiver, as shown by the final judgment in the case just cited, is quite sufficient to illustrate the reason why that course should not be taken. In Bank v. Warner, 12 Hun, 309, it is said that the appointment of a receiver is not the safest practice, for in that case the purchaser at the receiver's sale must trace his title through the conveyance to the receiver, which might let in other liens attaching subsequently to the judgment, which was the foundation of the creditors' suit. The suggestion in that case is that the better practice is to permit the creditor to pursue his usual remedy upon his judgment after the fraudulent conveyance is put out of the way. We are not unmindful of the numerous cases in which it has been held that the appointment of a receiver is not improper; but the question is, not whether a particular mode of enforcing the rights of the plaintiff may be sufficiently correct, so that it will not be set aside as erroneous, but which, upon the whole, is the better way of giving to the plaintiff the relief to which he is entitled, without jeopardizing the rights of other persons who may be interested in the property? We are clear that upon the whole the safer and better practice is as indicated in the first part of this opinion, and that the appointment of a receiver should not be resorted to, ordinarily, unless good reason is made to appear why the rights of the plaintiff cannot be properly protected in the ordinary way, by the issue of execution. The legislature have indicated, in a manner not to be mistaken, that in cases like this, especially, the proper mode of procedure is the issue of execution. Section 1380 of the Code of Civil Procedure requires, in ordinary cases, after the death of the judgment debtor, an application to the surrogate for leave to issue execution against his property; but that section, as recently amended, excludes cases of this kind from its provisions, and expressly directs that the judgment creditor of the deceased person may enforce his judgment against real estate which has been fraudulently conveyed, and in regard to which a judgment declaring the conveyance fraudulent has been entered, by the issue of execution, without application to the court, thus indicating quite clearly the judgment of the legislature as to what is the proper

course to pursue in such cases. This indication should be followed, as we think, by the courts; and the judgment entered in this action should be modified by striking out so much of it as provides for the appointment of the receiver, and the sale of the property by him, and by giving leave to the judgment debtor to enforce his judgment by execution issued in the manner prescribed by section 1380 of the Code of Civil Procedure, and directing the sheriff to sell the property described in the complaint, upon execution, with the same force as though the fraudulent conveyances had not been made. As thus modified, the judgment should be affirmed. As this point was not made by the appellant, there is no reason for denying costs to the respondent upon the appeal, and the affirmation must be with costs to the respondent. All concur.

