(35 App. Div. 594.)

HARRIS et al. v. BUCHNER et al.

(Supreme Court, Appellate Division, First Department. December 30, 1898.)

1. FRAUDULENT CONVEYANCES—INSOLVENT FIRMS.

A conveyance, by a firm known to grantee, one of its creditors, to be insolvent, of valuable real estate, absolutely, with a secret agreement to reconvey to the wives of the grantors on satisfaction of his debt, is fraudulent as to creditors.

2. SAME—MORTGAGES.

A conveyance of property by an insolvent firm to one of its creditors in satisfaction of his debt, with a secret understanding to reconvey it to the wives of grantors, being fraudulent as to creditors, cannot be upheld as a mortgage.

3. SAME—SETTING ASIDE—JUDGMENT—PRACTICE.

Where a creditor brings action to set aside a transfer of real estate as fraudulent, and succeeds, the proper judgment is to set aside the conveyance so far as it obstructs plaintiff's judgment, and permit him to pursue his remedy on the judgment by the issue of execution, without the appointment of a receiver.

4. COSTS.

Although a judgment is modified on appeal, if respondent substantially succeeds in the action, he is entitled to costs.

Appeal from special term, New York county.

Action by Levi Harris and others against Marcus Buchner and others. There was a judgment for plaintiffs, and defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Julius M. Mayer, for appellants.

Samuel Greenbaum, for respondents.

RUMSEY, J. An examination of the case satisfies us that the conclusion of the learned court below was correct, and that the only construction to be given to the transaction between the parties was that the real estate which was the subject of the action was transferred to Buchner upon a secret trust, such as is mentioned in the contract executed immediately after the delivery of the deed, by virtue of which Buchner agreed to convey the premises to the wives of the two grantors. The transaction cannot be sustained as a mortgage, because it is expressly testified by Buchner that the property was taken in payment of his debt; and, so taken with the understanding between the parties that the land was to be reconveyed to the wives of the grantors upon payment of the debt and interest, it is clearly fraudulent as against the creditors. McCulloch v. Hutchinson, 7 Watts, 434; Robinson v. Stewart, 10 N. Y. 190; Winkley v. Hill, 31 Am. Dec. 215; Young v. Heermans, 66 N. Y. 374, 382. The conclusion of the learned trial court that this transaction was fraudulent as against the plaintiffs was, therefore, well founded, and must be sustained.

But we think that the form of the judgment was erroneous. The action was brought to set aside the deed because it was an obstruction to the plaintiffs in the collection of their judgment. As between the parties to the transaction the deed itself was valid. Moseley v. Moseley, 15 N. Y. 334. And it is only voidable when it is attacked by

creditors, and then only to be set aside to the extent necessary to enable the creditors attacking it to realize out of the property the amount of their judgment. Anderson v. Roberts, 18 Johns. 515. It has been held that where the action was brought by creditors, in their own behalf, to set aside a transfer of real estate as fraudulent against them, the proper judgment was to set aside the conveyance so far as it obstructed the plaintiff's judgment, and permit him to pursue his remedy on his judgment in the usual way. Bryer v. Foerster, 14 App. Div. 315, 43 N. Y. Supp. 801. In the same case it was held that it was not proper, ordinarily, in such cases, to appoint a receiver, and require a transfer of title to him, that he might sell the real estate, and pay the judgment out of the proceeds. In that case, while the conclusion of the court that the transfer was fraudulent was affirmed, the judgment was modified by striking out so much of it as required the appointment of a receiver, and the transfer of the title of the real estate to him, and directing him to sell it and apply the proceeds, and, in the place of that provision, giving leave to the judgment debtor to issue an execution upon his judgment in the manner prescribed by section 1380 of the Code of Civil Procedure, and directing the sheriff to sell the property described in the complaint upon that execution, with the same effect and in the same manner as though the fraudulent conveyance had not been made. This judgment should be modified in the same way.

The provision in the judgment appointing a receiver was excepted to, and, therefore, it is here for review. The exception was not urged in this court, and there is no reason, therefore, why the respondent, who has substantially succeeded in the action, should not have his costs in the case, although the judgment has been modified. The judgment, therefore, should be modified in the manner suggested above, and as modified should be affirmed, with costs to the respondent. All concur.

PATTERSON, J. I concur on the ground that it was unnecessary to appoint a receiver in this case. It is altogether proper in many creditors' actions to appoint a receiver, but this is not one of them.