BRYANT v. WOLF et al.

(Supreme Court, Special Term, New York County. April 27, 1916.)

1. BANKRUPTCY ⬤⟹161(1)—PREFERENCES—SECRET AGREEMENT.

An unconditional assignment of outstanding accounts by the defendant S. to the defendant W. less than a month before S. was adjudicated a bankrupt, with a secret agreement that the assignment was given merely as security and that the assignee was to return sums collected in excess of the indebtedness, indicated an intention to give a preference, was fraudulent as to creditors, and void.

[Ed. Note.- -For other cases, see Bankruptcy, Cent. Dig. §§ 261, 262; Dec. Dig. ⬤⟹161(1).]

2. BANKRUPTCY ⬤⟹178(1)—FRAUD—RETENTION OF POSSESSION.

The retention by the defendant S. of control over his outstanding accounts, after making an unconditional assignment to his codefendant, is a badge of fraud.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 264–266, 268–274; Dec. Dig. ⬤⟹178(1).]

3. BANKRUPTCY ⬤⟹180—PREFERENCE—INTENT—PREVIOUS DISPOSITION OF PROPERTY.

An intent to defraud creditors may be shown by the situation of the debtor in respect to his property at the time of the transaction claimed to be fraudulent and the disposition of the property he previously held.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 252, 253; Dec. Dig. ⬤⟹180.]

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. BANKRUPTCY ⬮166(3)—PREFERENCES—KNOWLEDGE OF GRANTEE.

    An admission by the defendant W. in his answer that he knew at the time of the assignment that the defendant S. was insolvent, coupled with the facts that the assignor retained control over the accounts, and a secret agreement that the assignment was only taken as security, indicated reasonable cause to believe that the assignment would affect a preference in his favor and notice of the fraudulent intent of his transferror.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250, 251, 255; Dec. Dig. ⬮166(3).]

5. BANKRUPTCY ⬮166(2)—PREFERENCES—PAYMENT OF CONSIDERATION AFTER NOTICE.

    Where an assignee has notice of the intent of his transferror to defraud creditors, the assignment is void, although founded in whole or in part upon a valuable consideration.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253; Dec. Dig. ⬮166(2).]

Action by Walter L. Bryant, as trustee in bankruptcy of the estate of Isaac Schwartz, bankrupt, against Emanuel Wolf and another. Judgment for plaintiff.

Leon Dashew, of New York City, for plaintiff.
Louis Dorfman, of New York City, for defendants.

GIEGERICH, J. [1] The action is brought by the trustee in bankruptcy of the defendant Isaac Schwartz to set aside an assignment of outstanding accounts for merchandise sold and delivered to various persons, amounting in the aggregate to $832.05, made by him to his codefendant, Emanuel Wolf, on October 19, 1915. The defendant Wolf claims that the consideration for such assignment was $650; $250 thereof being for a past indebtedness and $400 paid at the time the assignment was made. It was conceded upon the trial by the defendant Wolf that up to that date he had collected the sum of $649.10 from such accounts. The defendant Schwartz was adjudicated a bankrupt on or about November 4, 1915. The evidence satisfies me that the defendant Schwartz was insolvent when the assignment in question was made. He was then indebted in the sum of at least $5,000, and his assets did not exceed in value $1,350. About $1,100 or $1,200 of such assets consisted of outstanding accounts for merchandise sold to customers; $832.05 of such accounts were assigned to the defendant Wolf, as above stated, and $250 thereof were transferred to the attorney for the defendant Schwartz for a fee. Although the defendant Wolf testified that he took an unconditional assignment of such accounts, he nevertheless admitted that he had a secret understanding with his codefendant Schwartz whereby he (Wolf) was to take such assignment merely as security, and that he was to return to him any accounts or collections of accounts in excess of said indebtedness of $650. Such an arrangement is clearly fraudulent as against the creditors of the defendant Schwartz, and renders the assignment void. Young v. Heermans, 66 N. Y. 374; Harris v. Osnowitz, 35 App. Div. 594, 55 N. Y. Supp. 172; 20 Cyc. 555. As was said in Young v. Heermans, supra (page 382):

    "A conveyance by one indebted at the time, by which the grantor secures some benefit to himself at the expense of creditors, or by which creditors are

prevented from compelling an immediate appropriation of the property to the payment of his debts is deemed fraudulent and void."

[2] The evidence shows that after the accounts were assigned the defendant Schwartz collected $649.10 thereof, which he turned over to his codefendant, and that such collections were made without notice to the various debtors that the accounts had been assigned. No explanation was given upon the trial why the defendant Schwartz retained control over the accounts after the assignment, and, under the circumstances shown, the retention of such control is a badge of fraud. Hickok v. Cowperthwait, 134 App. Div. 617, 119 N. Y. Supp. 390; 20 Cyc. 439, 440, 450. On the day previous to the assignment of the accounts in question the defendant Schwartz obtained from his principal creditor, the United Dressed Beef Company, to whom he then owed upwards of $2,700, an extension of time to make payment of his account upon the representation that he required time to collect his outstanding accounts from his customers in order to meet his obligations. Instead of making provision for the payment of his creditors, the defendant Schwartz, on the following day, assigned the greater part of his collectible accounts to the defendant Wolf and to his (Schwartz's) attorney. These, as already shown, were practically all the assets he had when the assignment was made.

[3] The evidence further discloses that only a few months before, in May, 1915, the defendant Schwartz conveyed to his wife, without consideration, all the real estate he then owned. An intent to defraud may be shown by the situation of the debtor in respect to his property at the time of the transaction claimed to be fraudulent and the disposition made of the property he previously held. Amsden v. Manchester, 40 Barb. 158. The evidence, taken together, clearly establishes that the assignment in suit was made with a fraudulent intent on the part of the defendant Schwartz to give a preference to the defendant Wolf, and to hinder, delay, and defraud his creditors.

[4, 5] The defendant Wolf in his answer admits that he knew at the time of the assignment that the defendant Schwartz was insolvent and unable to pay his debts in full, and he made a similar admission when examined before the special commissioner in bankruptcy. These admissions, coupled with the other circumstances above detailed, clearly show that the defendant Wolf at least had reasonable cause to believe that the enforcement of the assignment would effect a preference in his favor. Moreover, the evidence convinces me that the defendant Wolf had notice of the fraudulent intent of his transferror, the defendant Schwartz, when the accounts were assigned to him. In this view the assignment is void, even though it may be founded in whole or in part upon a valuable consideration. Starin v. Kelly, 88 N. Y. 418; Greenwald v. Wales, 174 N. Y. 140, 66 N. E. 665.

The requests for findings of the respective parties have been passed upon as indicated in the margins thereof. My conclusion is that, upon the facts found by me, the plaintiff is entitled to judgment as specified in the conclusions of law found by me. Let a complete decision, embodying all findings made by me, be submitted for my signature upon two days' notice of presentation, with proof of service on the other side.