Robert F. Park, as Sole Surviving Trustee of the
Last Will and Testament of Nelson Cowan, De-
ceased, Plaintiff, *v.* Priscilla E. Cowan, Person-
ally and as Sole Administratrix of the Goods,
Chattels and Credits of William W. Cowan, De-
ceased, Frank L. Cowan, Kate C. Perry, Emma B.
Wolcott and Luella Cowan Gage, Defendants.

(Supreme Court, Steuben Equity Term, February, 1918.)

Deeds — what insufficient grounds for setting aside transfer — mort-
gages — actions — evidence — fraudulent conveyances.

Where a man while solvent transfers property to his wife
for a valuable consideration without intent to defraud his
creditors, and such creditors as he had at the time are paid in
full, the fact that some years subsequently he incurred debts
and became insolvent is not sufficient ground for setting aside
such transfers to his wife as being fraudulent as against sub-
sequent creditors.

The plaintiff and W., the two testamentary trustees of N.'s
estate, with full knowledge of all parties interested therein,
from time to time for many years had borrowed money from
the estate giving interest bearing notes for any money they
borrowed. Later, in order to pay an indebtedness of
$10,000 to the estate on such notes, W. induced his wife to
join in a $7,000 mortgage and she paid to him, by assigning to
him two mortgages and a note, an amount aggregating
$3,204.82, and he conveyed to her certain real estate. After
payment of the indebtedness to N.'s estate with the money
raised on the mortgages and note, W. had $20,000 worth of
property, including the value of his interest in the income of
said estate, and when he died insolvent more than ten years
thereafter he had again become indebted to said estate in the
sum of $4,100 borrowed money. In an action by plaintiff, as
sole surviving trustee, to set aside the conveyances of real
estate by W. to his wife, *held,* that the same were made for a
good and valuable consideration, and the evidence failing to
establish any fraud or any fraudulent intent on the part of
either the grantor or his wife, the grantee, in making or receiv-
ing said transfers, the complaint will be dismissed, with costs.

ACTION to set aside certain deeds as being in fraud of creditors.

James O. Sebring, for plaintiff.

Frank H. Ferris and Herbert A. Heminway, for certain defendants.

Jared T. Newman, for defendants Perry, Wolcott and Gage.

CLARK, J.   The objection to the testimony of Priscilla E. Cowan as to transactions with her husband as being incompetent under section 829 of the Code of Civil Procedure, and upon which objection decision was reserved, the evidence being received conditionally, is overruled, with an exception to plaintiff.

This action is brought by plaintiff as sole surviving trustee under the will of Nelson Cowan, deceased, to set aside certain deeds of real property made by William W. Cowan, deceased, to his wife, Priscilla E. Cowan, on the ground that they were made to hinder, delay and defraud creditors.

Nelson Cowan, long a resident of the town of Corning, Steuben county, N. Y., died in June, 1889, the owner of a large estate consisting of both real and personal property.   By the terms of his will he appointed Robert F. Park, this plaintiff, William W. Cowan, an adopted son, and Alonzo Deyo as his executors and trustees.   Alonzo Deyo died in November, 1912, and William W. Cowan died in October, 1914, leaving the plaintiff the sole surviving trustee of the Nelson Cowan estate.   On the death of William W. Cowan his widow, the defendant Priscilla E. Cowan, was appointed administratrix of his estate.   In the administration of the Nelson Cowan estate William W. Cowan took a more active part than either of the other trustees, although they had full knowledge of

the manner in which the business was transacted by their associate.

For many years at least two of the trustees, this plaintiff and William W. Cowan, had been in the habit of borrowing money from time to time from the Nelson Cowan estate, giving interest-bearing notes for any amounts they would borrow. This manner of doing business seems to have been with the full knowledge of all parties interested in the estate.

Finally on January 11, 1900, William W. Cowan conveyed to his wife, the defendant Priscilla E. Cowan, by deeds, three parcels of land located in Steuben county. One parcel consisted of a farm of about 100 acres, another parcel consisted of a farm of twenty-one and a half acres and another parcel consisted of a house and lot containing about one acre of land, all of said parcels being located in the town of Erwin, Steuben county, N. Y., and it is the transfers of these three parcels of land that plaintiff seeks to set aside in this action.

At the time of these transfers William W. Cowan owned a farm known as the Big Flats farm, of the value of $8,000; another parcel known as the Erwin Center farm, of the value of $4,000; another parcel known as the Painted Post farm, of the value of $3,000, and each of these parcels of land was free from incumbrances.

At the time of these transfers William W. Cowan also owned, with the plaintiff, some real estate at Brown's Crossing. The interest of William W. Cowan therein was of the value of $2,050. William W. Cowan also owned an interest in a parcel of land on Park avenue in Corning, known as the Love property, of the value of $350. Said Cowan also owned a quantity of tobacco of the value of $2,800, and a chattel mortgage on property of Charles Mayo of the value of

$500, and he also owned other personal property consisting of cows, horses, etc., of the value of $690.

By the terms of the will of Nelson Cowan, deceased, William W. Cowan was given considerable property, including an income from the residuary estate, which was worth at least $1,000 per year, and his total property at the time of these transfers, including his interest in the income of the Nelson Cowan estate, was of the value of more than $20,000.

At the time of these transfers William W. Cowan was indebted to the Nelson Cowan estate for moneys borrowed, and for which he had given his interest-bearing notes to the amount of about $10,000, and he owed no other debts. He was desirous of withdrawing as trustee of said estate, and made application to the Surrogate's Court of Steuben county to be permitted to resign that office, and in order to pay his indebtedness to the estate he induced his wife to join with him in executing a $7,000 mortgage on the Big Flats farm, and she paid to him, by assigning to him two mortgages and a note, an amount aggregating $3,204.82, and the deeds in question were given.

With the moneys thus raised from the mortgage on the Big Flats farm, in which Priscilla E. Cowan joined, and the mortgages and notes she transferred to her husband, he was enabled to pay, and did pay, all of the indebtedness he owed to the Nelson Cowan estate, excepting $900, for which he gave his note, which was paid in full in June, 1902.

At the time of the transfers in question William W. Cowan was not insolvent, and was not left insolvent after said transfers were made, but, on the contrary, he had property, including the value of his interest in the income of the Nelson Cowan estate, which was easily worth more than $7,000, after the transfers in question had been made and after all his debts had been paid.

These transfers were not voluntary and made without consideration, but were made for a good and valuable consideration. They were not made by Mr. Cowan for the purpose of cheating and defrauding his creditors, but they were made primarily for the purpose of raising moneys to pay his indebtedness to the Nelson Cowan estate, and said indebtedness was paid in full. The conveyances were not made by Mr. Cowan, and were not received by his wife, Priscilla E. Cowan, with intent to cheat and defraud his creditors. There were no earmarks of fraud in the transaction. It was entirely open and above board. The deeds were executed and delivered and placed on record a very short time after they were made; there was no attempt to keep the transaction a secret, because the fact of the transfers was published in the local papers at the time, and this plaintiff had full knowledge of the transaction very shortly after it occurred.

It must be borne in mind that at the time of these transfers, and when William W. Cowan raised the money and paid his indebtedness to the Nelson Cowan estate, he fully expected to be permitted to resign as executor and trustee, and proceedings in the Surrogate's Court were instituted for that purpose, and after due consideration the surrogate did not permit such resignation, so the plaintiff and William W. Cowan continued to act as trustees of the Nelson Cowan estate. After the indebtedness of William W. Cowan to the Nelson Cowan estate above referred to had been paid in full, he continued to act as trustee, and there was a considerable time — fully if not quite seven years — when he owed nothing whatever to the Nelson Cowan estate.

Finally the old custom of borrowing from the estate was revived, and when William W. Cowan died October, 1914, he had again become indebted to the Nelson

Cowan estate for borrowed moneys, represented by promissory notes, in the amount of $4,100, and at the time of his death he was insolvent.

Plaintiff brings this action on the theory that the estate of Nelson Cowan is a creditor of William W. Cowan, not as of the dates when he borrowed the various sums of money from the estate, but as of the date when he accepted the trust under the will, and he cites the case of *Young* v. *Heermans,* 66 N. Y. 374, as his leading authority to sustain that contention. In that case it was held:

" The transfer of the personal property and choses in action being in trust for the use of the person making the transfer, it was absolutely void as against subsequent as well as existing creditors. * * * The deed is avoided irrespective of any intent to defraud. * * *

" Upon proof of an existing indebtedness, the fact that the grant was of all the property of the debtor in trust for himself and for his use would be conclusive evidence of fraud and it could not be overcome by any proof of innocent intention."

That case is not at all a controlling authority to sustain plaintiff's contention here for the reason that it is quite unlike the case at bar on the facts. In the case at bar there was a good and valuable consideration for the transfers, which was lacking in the case of *Young* v. *Heermans, supra.* In that case conveyance was made to a person in trust, and provided that the grantor should have $2,000 a year from the property during his life. In the case at bar the conveyances are absolute, and there was no provision that the grantor should thereafter have any interest in the property. In the *Young* v. *Heermans* case the grantor conveyed all of his property of every kind and description to an absolute stranger. In the case at bar the transfers were to the grantor's wife whom he was

bound to provide for, and it left him plenty of property to pay every debt he owed in the world. In the *Young* v. *Heermans* case the grantor intentionally placed all of his property beyond the reach of his creditors, to be held in trust for himself. Of course it was held void as against creditors. In the case at bar there was a valuable consideration. Mr. Cowan obtained from his wife property of the value of more than $3,000, and her consent to join with him in the $7,000 mortgage, which she did, thus raising money to enable him to pay his indebtedness to the Cowan estate, and for such consideration, and the further consideration that he was bound to suitably provide for his wife, he made the deeds in question, and after these transfers were made Mr. Cowan still had property which far exceeded in value any sum for which he subsequently became indebted to the estate.

Under these circumstances these transfers could not be set aside unlesss it was established as a fact that there was an actual intent to defraud on the part of both Mr. and Mrs. Cowan. The proofs in this case do not show any such intent, but the facts indicate quite the contrary. Mr. Cowan did not transfer his entire property, but he still retained more than enough to pay his indebtedness. There was no secrecy to the transaction, for the deeds were at once placed on record, and the fact of the transfers was published in the public press. Mrs. Cowan at once entered into possession of the property, and while it is true that her husband was thereafter active in its management still what he did was as agent for his wife. Several witnesses testified that they had knowledge many years ago that Mrs. Cowan owned these properties. The plaintiff himself testified that as far back as 1906 or 1907 he learned of the fact of some of these transfers.

The plaintiff not only knew of these transfers, but he also knew that after the indebtedness of William W. Cowan to the Nelson Cowan estate, which existed at the time of the transfers, was paid in full, that Mr. Cowan was again borrowing from the estate, but he evidently made no protest and did nothing about setting aside the transfers until some sixteen years after they had been made, and after Mr. Cowan had died. There can be no question that on the facts in this case there was not only no intent to defraud his creditors by Mr. Cowan when he made the transfers, but that when he subsequently borrowed money ·from the estate he fully expected to pay it, and the plaintiff himself so understood and believed, for he testified:

" Q. You have stated that you think if Mr. Cowan had lived he would have paid these notes? A. Yes.

" Q. And you still think so? A. Yes.

" Q. You think when he gave these notes he intended to pay them? A. Yes."

Under the circumstances as established in this case,· an indebtedness incurred to the Cowan estate several years after these transfers had been made (the indebtedness existing at that time having been paid in full) would not relate back to the time when Mr. Cowan accepted the position as trustee of the estate. *Babcock* v. *Eckler,* 24 N. Y. 623; *Phillips* v. *Wooster,* 36 id. 412.

The transaction should be viewed in the light of the circumstances of the parties at the time it took place. Mr. Cowan being solvent at the time of these transfers, and the debts that he owed at that time having been paid, the fact that he subsequently became insolvent would not be sufficient to invalidate these transfers, which were made in good faith. *Guy* v. *Craighead,*

40 App. Div. 260; *Kain* v. *Larkin,* 131 N. Y. 300; *Kalish* v. *Higgins,* 70 App. Div. 192.

In the last case a husband was surety on a lease, and for a nominal consideration he transferred his real property to his wife, retaining sufficient property so he was still solvent. Action was brought to set aside the deed to his wife, and it was held valid, the court holding: " To say that the execution of an instrument under these circumstances was fraudulent, would make fraudulent every conveyance made after a man had signed a guaranty which was to continue for several years."

It would seem to be unnecessary to cite further authorities holding that when a man is solvent and transfers property to his wife for a valuable consideration without intent to defraud his creditors, and what creditors he had at the time are paid in full, the fact that some years subsequently he incurs debts and becomes insolvent would not be sufficient grounds for setting aside the transfers which had been made in good faith when he was solvent, as being fraudulent as against subsequent creditors.

The fact that plaintiff after knowledge of Mr. Cowan's again borrowing from the estate after the first indebtedness had been paid, and after knowledge of these transfers, waited sixteen years and until after William W. Cowan's death before making the slightest claim that there was anything wrong about them, rather belies his present position that the transfers were made with intent to defraud the estate of which he was a trustee. The entire evidence fails to establish any fraud, or any fraudulent intent on the part of either William W. Cowan or his wife, in making or receiving these transfers, and the complaint must be dismissed, with costs to be taxed.

Judgment accordingly.