JEANNETTE BORENSTEIN, Plaintiff, *v.* DAVID BORENSTEIN and Others, Defendants.

Supreme Court, Special Term, New York County, March 10, 1939.

*Hollander & Bernheimer* [*Sydney J. Schwartz* of counsel], for the plaintiff.

*Alan N. Mann* [*Walter L. Rathbone* of counsel], for the defendants.

VALENTE, J. The evidence presented at the trial of this case clearly established that the defendant David Borenstein intended to place his property beyond the reach of this judgment-creditor. While an action was pending in California, he transferred the business of the D. & D. Electric Co. and stock of the Singer Pressing Machine Corp. for an agreement to be supported for life. An agreement for future support is not a sufficient consideration as against existing creditors for a conveyance of his property by a debtor if the conveyance is of all the debtor's property, or is of such an amount as will operate to hinder or delay existing creditors or prevent them from enforcing their just claims against him. (*Young* v. *Heermans*, 66 N. Y. 374.) Where, however, support has been furnished in good faith under an agreement, the conveyance will be sustained to that extent, especially where the property transferred was at the time of the transfer of very doubtful value and where the support is extended over a very long period of time. But this is the limit of the grantee's rights in the matter.

Accordingly, the transfer must be declared a nullity, excepting that the estate of Walter Borenstein will be protected to the extent of the deceased's investments, which are to be determined on an accounting. Submit findings and interlocutory judgment.