GUY v. CRAIGHEAD et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1899.)

1. FRAUDULENT CONVEYANCES—CONSIDERATION—INTENTION—INSOLVENCY.
     At the time a husband purchased a $35,000 home he was engaged in a profitable business, owned real estate, mortgages for $40,000, besides lands in another state, and deposits in bank of $2,500, amounting in all to $150,000, and owed nothing but a claim of $17,000, on which he denied liability. Shortly after, this claim was urged against him, and two months later he deeded the home to his wife. They both testified the home was bought to provide a home for her and her children, and they denied any

intention to defraud. *Held*, that a finding was justified that the gift was a reasonable provision for the husband's family, and was accepted in good faith, and that he was then solvent, and able to pay all his creditors, and hence it was a valid conveyance, though he afterwards became insolvent.

2. APPEAL—RECORD—DEEDS—EVIDENCE.

Where deeds offered in a creditors' suit are not set out in the record, and their contents not stated, nor the land described, error in rejecting them cannot be reviewed, since it cannot be shown how they were material.

Appeal from special term, Westchester county.

Creditors' action by Fred E. Guy against Frances and Horace Craighead. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward B. Hill, for appellant.
Charles Strauss, for respondents.

GOODRICH, P. J. The doctrine which must control the decision on this appeal is fairly enunciated in Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105, where the court held that it was not sufficient to condemn a conveyance of land as a fraud on creditors of the grantor that it was not founded on a valuable consideration, that other facts must be proved showing that the conveyance was made with a fraudulent intent. The decision was based on 4 Rev. St. (8th Ed.) pp. 2592, 2593, §§ 1, 4, which are not changed in 2 Rev. St. (9th Ed.) pp. 1887, 1888. Section 4 reads as follows:

"The question of fraudulent intent in all cases arising under the provisions of this chapter, shall be deemed a question of fact and not of law; nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration."

The language of Chief Judge Earl, in Kain v. Larkin, supra, is important:

"An owner of real estate can make a voluntary settlement thereof upon his wife and children without any consideration, provided he has ample property left to satisfy all the just claims of his creditors. If the grantor remains solvent after the conveyance, and has sufficient property left to satisfy all his just debts, then the conveyance, whatever his intention was, cannot be a fraud upon his existing creditors; and when a judgment creditor assails a conveyance made by the judgment debtor he cannot cast upon the grantee the onus of showing good faith, and of establishing that the grantor was solvent after the conveyance, by simply showing that the deed was not founded upon a valuable consideration. But the person assailing the deed assumes the burden of showing that it was executed in bad faith, and that it left the grantor insolvent, and without ample property to pay his existing debts and liabilities; and so it has been repeatedly held,"—citing cases.

It is hardly necessary to refer to other authorities, although it is well to quote the language of the court in McCole v. Loehr, 79 Ind. 432 (cited with approval in the Kain Case), where it was said:

"The character of a transaction is to be determined by the circumstances surrounding the parties at the time it took place. The validity of a conveyance does not depend upon subsequent events. The question in such cases is the financial condition of the grantor at the time, for, if then solvent, his subsequent insolvency will not invalidate the conveyance."

The facts in the present action are not uncertain. In 1883, Robert Craighead and Horace Craighead, who were brothers, made a written contract, whereby they agreed for certain considerations to pay the plaintiff's assignors 5 per cent. on the par value of 279 shares of certain stock on the 1st days of March and September in each year for five years. Only the percentages of one year, due March and September, were paid. It was not until June, 1893, that the plaintiff sued for the unpaid percentages, and in 1895 he recovered a judgment for $17,428.14. Execution on the judgment was issued, and returned unsatisfied. In January, 1892, the defendant Horace Craighead purchased for $35,000 a house and about five acres of land at Mamaroneck, N. Y., and took the conveyance to himself, although he and his wife testified that the property was bought for a family residence, with the intention that it should belong to the wife, and provide a home for her and her children; and it has been so used continuously. In October, 1892, Horace executed a deed to his wife for the stated consideration of one dollar. This deed was not recorded till July, 1893. Both of them testified without objection that no fraud was intended by this conveyance. So far as the record discloses, there was no claim made on the brothers under the contract, nor were any proceedings to enforce their liability threatened or instituted until August, 1892, when a claim therefor was filed against Horace individually and as executor of the will of his brother Robert, who had died. If Horace was insolvent at the time of the conveyance to his wife, he placed himself under the grave suspicion of intending to defraud his creditors when he transferred the Mamaroneck property to his wife; but, so far from that being the case, it is undisputed that he was then engaged in profitable business in the city of New York, owned 112 lots in the Twenty-Fourth ward, and mortgages for $35,000 or $45,000 on other city property, besides lands in New Jersey; that he had deposits in bank of $2,500; that he was worth $150,000, and owed nothing other than the claim of the plaintiff, on which he denied his liability. Surely, on such a statement it cannot be predicated that he had no right to give or settle upon his wife the Mamaroneck property for a family residence. The plaintiff sought to sustain his suit by offering in evidence the examination of Horace in supplementary proceedings on his judgment in 1896, by which, and by other evidence, it appeared that early in 1893, and before the commencement of the action, he conveyed to his wife, in consideration of one dollar, the city lots, and in 1896 the New Jersey lands; that at one time—the date not appearing—he transferred to his wife his household furniture and other personal property and certain Western mortgages; that there are mortgages on the Mamaroneck property of $25,000, and that at the time of the examination he was insolvent. In the light of the decisions which we have cited, the court, on the evidence, could readily have found that Horace was solvent at the time he made the conveyance to his wife, and had sufficient property left to satisfy all his debts. On the evidence the learned court could hardly have arrived at any other conclusion than that set forth in his

decision, where he said that the value of the Mamaroneck property was not disproportioned to his means; that it was a reasonable provision for his family, and was accepted in good faith, and without intent to hinder, delay, or defraud his creditors, or in contemplation of the enforcement of the plaintiff's claim, or to hinder its collection; that when it was made he was perfectly solvent, and able to pay his creditors, including the plaintiff; and that he retained property more than sufficient to satisfy all his liabilities. With this conclusion we are in entire accord. So far as the ruling of the court rejecting the deed of conveyance of other premises through a third party to the defendant's wife, error is not shown to have been committed. It is not certain what land was conveyed by such deed, nor when the conveyance was executed. If it refers to land in the Twenty-Fourth ward, consisting of city lots, no error was committed, for two reasons. The defendant testified in proceedings supplementary to execution that he conveyed these lots to his wife, and stated the time when they were so conveyed, and that the conveyance was without consideration. He also so testified upon the trial. In addition to this, the recital in Exhibit 19 is of such conveyance. The deeds offered are not set out in the record, and no statement is made of their contents, or to what land they refer. It is therefore impossible to say that they were material to any issue which the case presented, and consequently error in their rejection is not made to appear. Assuming that the decision of the First department, in Guy v. Craighead, 21 App. Div. 460, 47 N. Y. Supp. 576, was correct,—and we do not question it,—the judgment now before us is clearly susceptible of being sustained. The judgment should therefore be affirmed.

Judgment affirmed, with costs. All concur.