### FITZPATRICK v. FOX et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. FRAUDULENT CONVEYANCES—EVIDENCE.
    In an action, under Code Civ. Proc. § 1871, to reach property alleged to have been transferred by a husband to his wife in fraud of creditors, evidence by defendants that the real property had formerly belonged to the wife, and had been transferred to the husband with the understanding that it should be restored to the wife on demand, and that the transfer sought to be set aside was made in pursuance of this agreement, and that the wife had advanced money to the husband for the purchase of certain personalty also transferred to her, was improperly excluded.

Appeal from special term, Kings county.

Action by William Fitzpatrick against Patrick Fox and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Robert H. Roy, for appellants.
Sanders Shanks, for respondent.

WOODWARD, J. This action was brought, under the provisions of section 1871 of the Code of Civil Procedure, to reach certain real and personal property alleged to have been transferred by the defendant Patrick Fox to his wife, the defendant Catherine Fox, for the purpose of hindering, delaying, and defrauding creditors. The evidence shows that the plaintiff performed certain services for the defendant Patrick Fox in July, 1900, and that in February, 1902, he recovered judgment against such defendant for $476.92, upon which execution was returned unsatisfied. The evidence also shows that the defendant Patrick Fox held the title to certain parcels of real estate and some personal property, and that he was, and had been for a series of years, engaged in business as an iron manufacturer. Subsequent to the performance of the services of the plaintiff for which judgment has been recovered, the defendant Patrick Fox, for a nominal consideration, conveyed to his wife all his real estate and personal property; and it appears from the evidence of both of the defendants

that they were aware of the fact that the effect of these transfers was to leave the defendant Patrick Fox without any property, though it does not appear that at the time of such transfer the defendant Catherine Fox knew that the plaintiff had a valid claim against the defendant Patrick Fox. Simultaneously with this transfer the defendant Catherine Fox gave the defendant Patrick Fox a power of attorney to deal with the entire property so transferred, and the latter continued in business in his own name, and the deeds and bill of sale by which the property was transferred were not entered of record until after the recovery of the judgment in suit by the plaintiff. The learned court has found that the transfers were made to hinder, delay, and defraud the creditors of Patrick Fox, and has decreed the payment of the plaintiff's judgment out of the property so transferred. The defendants appeal.

The question of fraudulent intent in cases of this character is one of fact, and not of law, and conveyances or charges may not be adjudged fraudulent as against creditors or purchasers solely on the ground that they are not founded on valuable consideration. Guy v. Craighead, 40 App. Div. 261, 57 N. Y. Supp. 1070, and authorities cited. In the case now before us the defendants offered evidence tending to prove that the real estate had formerly belonged to the defendant Catherine Fox, and that it had been transferred to the defendant Patrick Fox with the understanding that it should be restored to the original owner on demand, and that the transfer here sought to be set aside as against the plaintiff was made in pursuance of this agreement, and for the purpose of protecting the defendant Catherine Fox against the family of Patrick Fox, who had threatened to throw her out into the street when they came into the possession of the property. There was likewise evidence offered tending to establish that the defendant Catherine Fox had advanced money to the defendant Patrick Fox for the purchase of property, and that there was in fact a valid consideration back of all of the transactions; but this evidence was excluded from consideration. If this was the true state of affairs, a court of equity could not disregard it, and decree the payment out of the property of the defendant Catherine Fox, and the fact that this evidence was excluded requires a reversal of the judgment. The judgment creditor has no right to have his debts paid out of the property of the defendant Catherine Fox. His right depends wholly upon the establishing of the conveyance with intent to hinder, delay, and defraud creditors. The conveyance was merely the performance of a previously existing agreement to restore the property to its real owner. It has not operated to deprive the plaintiff of any rights, and he cannot recover here. When a judgment creditor assails a conveyance made by the judgment debtor, he cannot place upon the grantee the onus of showing good faith, and of establishing that the grantor was solvent after the conveyance, by simply showing that the deed was not founded upon a valuable consideration (Guy v. Craighead, supra); and, where the defendants offer to prove a state of facts tending to show that the real ownership of the property has not been changed, it is error to refuse to consider such evidence. These observations are made as bearing simply upon the appeal before us, and

should not be interpreted as indicating any conclusion by us upon the merits, for we have reached none.

The judgment appealed from should be reversed, with costs to abide the final award of costs.  All concur.