WILLIAM FITZPATRICK, Respondent, *v.* PATRICK Fox and CATHERINE Fox, Appellants.

*Fraudulent conveyance — proof that a conveyance was without consideration is not enough — fraudulent intent presents a question of fact — proof that the conveyance was for money previously advanced by the grantee.*

A judgment creditor who assails a conveyance made by the judgment debtor cannot impose upon the grantee the onus of showing good faith and of establishing that the judgment debtor was solvent after making the conveyance by simply showing that the conveyance was not founded upon a valuable consideration.

Fraudulent intent in such a case is a question of fact, not of law.

In such a case it is error to refuse to admit in evidence testimony offered by the judgment debtor and the grantee tending to show that the grantee had advanced money to the judgment debtor for the purchase of property, and that the conveyance was, in fact, supported by a valid consideration.

APPEAL by the defendants, Patrick Fox and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 12th day of June, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, adjudging certain transfers of real and personal property fraudulent as against creditors.

*Robert H. Roy,* for the appellants.

*Sanders Shanks,* for the respondent.

WOODWARD, J.:

This action was brought under the provisions of section 1871 of the Code of Civil Procedure to reach certain real and personal prop-

erty alleged to have been transferred by the defendant Patrick Fox to his wife, the defendant Catherine Fox, for the purpose of hindering, delaying and defrauding creditors. The evidence shows that the plaintiff performed certain services for the defendant Patrick Fox in July, 1900, and that in February, 1902, he recovered judgment against such defendant for $476.92, upon which execution was returned unsatisfied. The evidence also shows that the defendant Patrick Fox held the title to certain parcels of real estate and some personal property, and that he was and had been for a series of years engaged in business as an iron manufacturer. Subsequent to the performance of the services of the plaintiff, for which judgment has been recovered, the defendant Patrick Fox, for a nominal consideration, conveyed to his wife all his real estate and personal property, and it appears from the evidence of both of the defendants that they were aware of the fact that the effect of these transfers was to leave the defendant Patrick Fox without any property, though it does not appear that at the time of such transfer the defendant Catherine Fox knew that the plaintiff had a valid claim against the defendant Patrick Fox. Simultaneously with this transfer the defendant Catherine Fox gave the defendant Patrick Fox a power of attorney to deal with the entire property so transferred, and the latter continued in business in his own name, and the deeds and bill of sale by which the property was transferred were not entered of record until after the recovery of the judgment in suit by the plaintiff. The learned court has found that the transfers were made to hinder, delay and defraud the creditors of Patrick Fox, and has decreed the payment of the plaintiff's judgment out of the property so transferred. The defendants appeal.

The question of fraudulent intent in cases of this character is one of fact and not of law, and conveyances or charges may not be adjudged fraudulent as against creditors or purchasers solely on the ground that they are not founded on a valuable consideration. (*Guy v. Craighead*, 40 App. Div. 261, and authorities cited.) In the case now before us the defendants offered evidence tending to prove that the real estate had formerly belonged to the defendant Catherine Fox, and that it had been transferred to the defendant Patrick Fox with the understanding that it should be restored to the original owner on demand, and that the transfer here sought to be set aside

as against the plaintiff was made in pursuance of this agreement, and for the purpose of protecting the defendant Catherine Fox against the family of Patrick Fox, who had threatened to throw her out into the street when they came into the possession of the property. There was likewise evidence offered tending to establish that the defendant Catherine Fox had advanced money to the defendant Patrick Fox for the purchase of property, and that there was, in fact, a valid consideration back of all the transactions, but this evidence was excluded from consideration. If this was the true state of affairs, a court of equity could not disregard it and decree the payment out of the property of the defendant Catherine Fox, and the fact that this evidence was excluded requires a reversal of the judgment. The judgment creditor has no right to have his debts paid out of the property of the defendant Catherine Fox; his right depends wholly upon the establishing of the conveyance with intent to hinder, delay and defraud creditors. The conveyance was merely the performance of a previously existing agreement to restore the property to its real owner; it has not operated to deprive the plaintiff of any rights, and he cannot recover here. When a judgment creditor assails a conveyance made by the judgment debtor, he cannot impose upon the grantee the onus of showing good faith and of establishing that the grantor was solvent after the conveyance by simply showing that the deed was not founded upon a valuable consideration (*Guy* v. *Craighead, supra*), and where the defendants offer to prove a state of facts tending to show that the real ownership of the property has not been changed, it is error to refuse to consider such evidence.

These observations are made as bearing simply upon the appeal before us, and should not be interpreted as indicating any conclusion by us upon the merits, for we have reached none.

The judgment appealed from should be reversed, with costs.

BARTLETT, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the final award of costs.